SUSAN M. CHEHARDY, Chief Judge.
|2In this case, defendant’s appointed appellate counsel has filed an Anders[1] brief on defendant’s behalf, asserting there is no basis for a non-frivolous appeal. For the following reasons, we affirm defendant’s conviction and sentence, remand for correction of the commitment, and grant counsel’s motion to withdraw.

Facts and Procedural History

In this case, the conviction resulted from a guilty plea so the circumstances surrounding the charged offense were gleaned from the bill of information. Here, the record reflects that, on or about October 31, 2011, defendant committed an aggravated burglary of 6476 Park Manor belonging to Knobi Weaver.
On November 27, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant, Thomas Cox, with aggravated burglary, in violation of La. R.S. 14:60. On April 18, 2018, defendant entered a plea of guilty as charged and the trial judge, pursuant to a plea agreement, set forth in the record, sentenced defendant to eight years imprisonment with the Department of | ¡jCorrections.[2] He filed an Application for Post Conviction Relief that was stamped as filed on June 20, 2013, and was granted an out-of-time appeal on August 6, 2013.

Discussion

Under the procedure adopted by this Court in State v. Bradford,[3] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, supra, and State v. Jyles,[4] appointed counsel requests permission to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[5] The request must be accompanied by “‘a brief referring to anything in the record that might arguably support the appeal’” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”[6]
*70 In State v. Jyles,[7] the Louisiana Supreme Court .stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The |4supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” [8]
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.[9] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing legal points identified by the court, or grant the motion and appoint substitute appellate counsel.[10]
In her brief, defendant’s appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal and can find no ruling of the trial court that arguably supports the appeal. First, counsel sets forth the procedural history of the case and a statement of facts. Next, counsel notes that defendant’s plea was made without reservation of his right to review pre-trial rulings under State v. Crosby, 338 So.2d 584 (La.1976), so those rulings have not been preserved for review. Counsel additionally points out that defendant was adequately informed of the legal consequences of changing his plea by his counsel and the trial judge, who also advised defendant of the rights that he |fiwould be waiving by entering his guilty plea and the sentencing exposure that he faced.
Counsel contends that her brief is in compliance with Anders and that she has notified defendant of the filing of her motion and advised him of his right to file a pro se brief in this appeal. Finally, appellate counsel has filed a motion to withdraw as attorney of record, which states she has made a conscientious and thorough review of the record and can find no non-frivolous issues to raise on appeal.
As a result of that filing, on September 17, 2013, this Court sent defendant a certified letter informing him that his appointed appellate counsel had filed an Anders brief and that he had until October 16, 2013, to file a pro se supplemental brief. Defendant sought and was granted leave to file a supplemental brief, which was filed on November 13, 2013.
In its brief, the State responds that appellate counsel has shown a diligent, complete, and thorough description of the procedural history of the case. The State concurs that the record does not reveal non-frivolous issues upon which to base an appeal.
Specifically, the State suggests that a review of the record shows that the bill of information properly charged defendant, that defendant was present and represented by counsel at all crucial stages of the *71 proceedings, that defendant entered a free and voluntary guilty plea after properly being advised of his rights in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that defendant entered an unqualified guilty plea, waiving review of any pre-plea, non-jurisdictional defects. The State further concludes that defendant received a legal sentence that falls within the sentencing range prescribed by La. R.S. 14:60 and that his sentence was imposed in conformity with the plea |fiagreement. The State further states that an excessive sentence argument would be “frivolous and futile.”
In sum, the State contends that counsel has cast an advocate’s eye over the record and found no significant non-frivolous issues upon which to base an appeal. Finally, the State requests that this Court affirm defendant’s conviction and sentence.
Most importantly, our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. First, the bill of information in this case properly charged defendant and plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crime charged. See generally, La.C.Cr.P. arts. 464-66.
Next, the minute entries and commitment reflect that defendant was present at each stage of the proceedings against him. He attended his arraignment, his guilty plea, and his sentencing.
Further, defendant pled guilty as charged. Where, as here, a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Additionally, defendant did not reserve his right to appellate review of any pre-trial rulings under State v. Crosby, 338 So.2d 584 (La.1976).
Turning to defendant’s guilty plea, we find that the record does not reveal any irregularities. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the]¡¡Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. McCoil, supra.
The record reflects that, during the guilty plea proceeding, defendant was informed in writing through the waiver of rights form and verbally by the trial judge that he was charged with and pleading guilty to one count of aggravated burglary. Further, on the waiver of constitutional rights form and during the colloquy with the trial judge, defendant was advised of his Boykin rights — his right to a trial, to confrontation, and to remain silent. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood that he was waiving these rights.
During this proceeding, defendant stated that he had not been forced, coerced, or threatened to enter a guilty plea. Defendant indicated that he was satisfied with the representation of his attorney and understood the nature of the offense. Defendant further indicated that he understood the possible legal consequences of pleading *72 guilty, and wished to plead guilty at that time. After a thorough examination, the trial judge accepted defendant’s guilty plea as knowingly, intelligently, freely, and voluntarily tendered.
In this case, the waiver of rights form also reflects that defendant was 28 years old, and could read, write, and understand the English language. The form also notes that defendant was not under the influence of alcohol, drugs, or any medication when he pled guilty. The waiver of rights form was signed by defendant, his counsel, and the trial judge. Defendant acknowledged on the record that he had gone over the form with his counsel and understood it.
| «Although the colloquy does not include an advisal about defendant’s sentencing exposure, the waiver form reflects that defendant faced a minimum sentence of one year up to a maximum sentence of thirty years at hard labor and that he would be sentenced to eight years. The colloquy also reflects that defendant was advised that he would receive an eight-year sentence with the Department of Corrections.
La.C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. “Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.” La.C.Cr.P. art. 556.1(E). Violations of La.C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Craig, 10-854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60, 64. The core Boykin requirements have never been extended to include advice with respect to sentencing. Id.
In the present case, defendant was advised of his potential sentencing range by means of the waiver of rights form. Further, the trial judge advised defendant of the agreed-upon sentence. See Craig, supra.
Furthermore, defendant’s sentence was imposed pursuant to a plea agreement. La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1178. Even if review was not precluded, we find no appealable issue because defendant’s sentence falls within the sentencing | grange set forth in the relevant statute.[11] Defendant pled guilty to aggravated burglary, a violation of La. R.S. 14:60, which enumerates a sentencing range from one to thirty years; defendant was sentenced to eight years, which is less than half of the longest sentence allowed by the statute.
Based on the foregoing, we find that defendant’s guilty plea and sentence imposed pursuant to a plea agreement do not present any non-frivolous issues for appeal. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record.
Turning to defendant’s pro se assignment of error, defendant alleges that *73 his trial counsel was ineffective for failing to file a motion to reconsider his sentence.
Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. State v. Casimer, 12-678 (La.App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984). Id.
Under the Strickland test, the defendant must show: (1) that counsel’s performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. Id. An error is considered prejudicial if it was so serious as to deprive the defendant of a fair trial, or “a trial whose result is reliable.” Id. (quotations omitted). To prove prejudice, the |indefendant must demonstrate that, but for counsel’s unprofessional conduct, the outcome of the trial would have been different. Id. (citing Strickland v. Washington, supra).
Generally, a claim of ineffective assistance of counsel is most appropriately addressed through an application for post conviction relief rather than on direct appeal, so as to afford the parties an adequate record for review. Casimer at 1141. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. Given the nature of this particular claim, we find that the appellate record contains sufficient evidence for this Court to address the merits of the ineffective assistance of counsel claim made by defendant in his pro se supplemental brief.
The mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. A defendant must also “show a reasonable probability that, but for counsel’s error, his sentence would have been different.” Casimer at 1142 (quotation omitted). In this case, defendant’s agreed-upon sentence was imposed pursuant to a plea agreement. As noted above, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. Washington, 916 So.2d at 1173. Thus, the fact that trial defense counsel did not move for reconsideration of sentence does not constitute deficient performance. See also, State v. Roche, 09-684 (La.App. 5 Cir. 3/23/10), 39 So.3d 706, 710, writ denied, 10-0930 (La.11/19/10), 49 So.3d 396, and writ denied, 12-1989 (La.1/18/13), 107 So.3d 628. Based on the foregoing, we find that this argument lacks merit.
|! ¡Errors Patent
Finally, defendant requests an error patent review, which this Court routinely performs in accordance with La.C.Cr.P. art. 920. We note one error patent that requires correction.
The “State of Louisiana Uniform Commitment Order” included in the record reflects that the date of the charged offense was September 28, 2012;[12] the date of the offense, however, was October 31, 2011. This discrepancy requires correction. Accordingly, we remand this case *74 for correction of the date of the charged offense listed in the Uniform Sentencing Commitment Order to October 31, 2011. We further instruct the trial court to make the appropriate correction on the Uniform Sentencing Commitment Order and direct the Clerk of Court to transmit the original of the corrected Uniform Sentencing Commitment Order to the Department of Correction’s Legal Department and the officer in charge of the institution at which defendant is housed. See, La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).

Conclusion

For the foregoing reasons, defendant’s conviction and sentence are affirmed. This matter is remanded to the trial court for correction of the Uniform Sentencing Commitment Order.

AFFIRMED; REMANDED FOR CORRECTION OF THE COMMITMENT; MOTION TO WITHDRAW GRANTED

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. That same day, defendant also pled guilty, in a separate case, to simple burglary and the trial judge sentenced him to eight years with the Department of Corrections, to run concurrently with the present case. That matter is on appeal before this case in docket number 13-700.

. 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. The Bradford Court adopted its procedure from that of the Fourth Circuit, set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir. 1990), and sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam).

. 96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per curiam ).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

. Jyles, 704 So.2d at 241.

. Id.

. Bradford, supra at 1110.

. Id.

. The trial judge imposed defendant’s sentence to run concurrently to the sentence imposed in an unrelated matter. See, La.C.Cr.P. art. 883.

. According to the record, defendant was arrested for the offense on September 28, 2012.