MARC E. JOHNSON, Judge.
| ¡.Defendant, Lameeka McKinney, appeals her conviction and 15-year sentence for manslaughter. For the reasons that follow, we affirm.
Defendant was indicted on January 19, 2012 and charged with second degree murder of a known juvenile with a date of birth of October 3, 2010, in violation of La. R.S. 14:3o.!.[1] Defendant pled not guilty and filed several pre-trial motions, including motions to suppress her statement and the evidence which were denied after a hearing. On January 28, 2013, the State filed a motion for conflict of interest inquiry relating to defense counsel, Martin Re-gan’s, representation of Defendant on the basis Mr. Regan’s, law firm employed Gary Wainright, who had represented co-defendant, Robert Scott, as a paralegal. Mr. Wainright had | ¿represented co-defendant Scott until July 23, 2012 when he withdrew from representation because of his suspension from the practice of law. After a hearing, the trial court found Mr. Regan was laboring under an actual conflict of interest and ordered Mr. Regan with-' drawn as counsel for Defendant. Defendant filed a writ application in this Court challenging the trial court’s ruling, which was denied. State v. McKinney, 13-68 (La.App. 5 Cir. 1/30/13) (unpublished writ disposition). Thereafter, the trial court appointed IDB counsel to represent Defendant.
*682 Five months later, on May 20, 2013, Mr. Regan filed a motion to re-enroll as counsel, which the trial court ordered stricken after a hearing citing Mr. Regan’s conflict of interest. Defendant filed a writ application from this ruling with bo,th this Court and the Louisiana Supreme Court, both of which were denied. State v. McKinney, 13-548 (La.App. 5 Cir. 8/9/13) (unpublished writ disposition); State v. McKinney, 13-2166 (La.12/6/13); 129 So.3d 535.
On July 10, 2014, the State amended the indictment to charge Defendant with manslaughter in violation of La. R.S. 14:31.[2] On that same date, Defendant withdrew her not guilty plea and pled guilty to the amended charge of manslaughter. During the plea colloquy, the State recounted the following factual basis for the plea: “... it was determined that the cause of death in the case was due to dehydration and liberal lacerations. It is the State’s contention that it is through the neglect of Miss McKinney and Mr. Scott’s, that the death of their minor child occurred.” In accordance with the plea agreement, the trial judge sentenced Defendant to 15 years imprisonment at hard labor.
Appellate counsel’s brief contains no assignments of error and sets forth that it is filed in accordance With Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam), which set forth the procedure appellate counsel should follow when, upon conscientious review of a case, counsel finds an appeal would be wholly frivolous.
In his brief, appellate counsel reviewed the procedural history of the case and stated that, after a review of the record, he could not find any non-frivolous issues to present on appeal. Appellate counsel specifically noted that Defendant entered an unqualified guilty plea, which waived all non-jurisdictional defects. Appellate counsel observed that Defendant indicated to the trial court that she had not been forced, coerced, or threatened to enter the guilty plea and that she understood her rights, the charge, and the sentence she would receive. Counsel submits that Defendant’s answers throughout the guilty plea colloquy and sentencing appeared to be sensible, direct, articulate, and well-mannered.. Additionally, counsel contends the plea bargain was very advantageous to Defendant.
Appellate counsel acknowledged the heated dispute regarding Defendant’s desire for representation by Martin Regan and his subsequent removal due to a conflict, but found that all issues concerning that aspect of the case appeared to have been fully litigated in both this Court and the Louisiana Supreme Court. He noted that Defendant might retain federal habe-as rights regarding that issue beyond the scope of this direct appeal.
Having determined there are no non-frivolous issues to raise on appeal, appellate counsel requests to withdraw from further representation of Defendant. Appellate counsel advised this Court that he notified Defendant of her right to file a pro se brief in this appeal, and we note that this Court sent Defendant a letter by certified mail informing her that an Anders brief had been filed and that she had a right to file a pro se supplemental brief. Defendant chose not to file a pro se brief.
| ¡/This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our independent review reveals no non-frivolous issues or trial court rulings that could have been raised on appeal.
*683 We have specifically considered the issue of Defendant’s right to counsel of choice and whether it should have been raised on direct appeal. After Mr. Regan was removed from the case, Defendant filed a supervisory writ with this Court. Although the writ application was denied, we note that one member of the panel dissented. Additionally, in a subsequent writ application to the supreme court regarding the denial of Mr. Regan’s motion to re-enroll as counsel, Justice Johnson indicated that she would have granted the writ and explained,
The Sixth Amendment right to counsel includes a criminal defendant’s right to secure counsel of his or her choice. Accordingly, a court must give considerable deference to a defendant’s choice of counsel, and disqualification “should be a measure of last resort.” In this instance, the defendant consulted with an independent attorney, executed an affidavit with a waiver of conflict of interest and chose to retain Mr. Martin Regan as her counsel. Therefore, I believe the trial court erred in denying defense counsel’s Motion to Enroll.
[Internal citations omitted.] McKinney, 129 So.3d at 535.
The prior denial of supervisory writs does not preclude reconsideration of an issue on appeal, nor does it prevent the appellate court from reaching a different conclusion. State v. Williams, 12-68 (La.App. 5 Cir. 10/9/13); 128 So.3d 359, 368. Thus, this was a potential issue that could have been raised on direct appeal. However, Defendant entered an unqualified guilty plea and, thus, failed to preserve any pre-trial rulings for appeal and waived all non-jurisdictional defects.[3] State v. Hoppens, 13-948 (La.App. 5 Cir. 4/23/14); 140 So.3d 293, 299. Accordingly, we find that the ruling denying Defendant her right to counsel of choice was not preserved for appellate review. We note that any claim for ineffective assistance of counsel for trial counsel’s failure to enter a Crosby[4] plea in order to reserve Defendant’s right to appeal the ruling denying her right to counsel of choice is more appropriately raised in an application for post-conviction relief, as opposed to direct appeal, where an evidentiary hearing may be held to fully explore the claims. State v. Washington, 03-1135 (La.App. 5 Cir. 1/27/04); 866 So.2d 973, 983.
Upon review of the record, we find the indictment properly charged Defendant and plainly and concisely stated the essential facts constituting the offense charged. It also sufficiently identified Defendant and the crime charged. See La.C.Cr.P. arts. 462-66. Further, the minute entries reflect that Defendant and her counsel appeared at all crucial stages of the proceedings against her, including her arraignment, guilty pleas, and sentencing. As *684 such, there are no appealable issues surrounding Defendant’s presence.
Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[5] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06); 924 So.2d 1120, 1124.
The record reveals no constitutional infirmity in Defendant’s guilty plea. The record shows that Defendant was aware she was charged with and pleading 17guilty to the crime of manslaughter. On the waiver of rights form and during the colloquy with the trial judge, Defendant was advised of her right to a jury trial, her right to confrontation, and her privilege against self-incrimination as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant signed the waiver of rights form, indicating that she understood she was waiving these rights by pleading guilty. During the colloquy with the trial judge, Defendant also indicated that she understood those rights. During her guilty plea colloquy and in her waiver of rights form, Defendant indicated that she had not been forced, coerced, or threatened into entering her guilty pleas. Defendant was informed during the colloquy and in the waiver of rights form of the maximum and minimum[6] sentence and of the actual sentence that would be imposed if her guilty plea was accepted. She was also informed during the colloquy and in the waiver of rights form that if the court accepted her guilty plea, she would not have the right to assert an allegation or defect such as an illegal arrest, illegal search and seizure, illegal confession, illegal lineup, or the fact that the State might not be able to prove the charge or that a jury would find her not guilty. After the colloquy with Defendant, the trial court accepted Defendant’s plea as knowingly, intelligently, and voluntarily made.
In her pro se motion for appeal, Defendant indicated that she wanted to appeal her guilty plea, that she had constitutional ⅛ issues still pending in federal court, that her appointed public defender did not tell her about the current status of |sher federal habeas filing during the plea proceedings, and that she did not waive her pending federal habeas filing seeking reinstatement of her counsel of choice. The record shows that prior to pleading guilty, Defendant filed a pro se writ of habeas corpus in federal court challenging her pre-trial detention based upon the *685 state court’s denial of her right to counsel of choice when the trial court disqualified retained counsel for a conflict of interest. After Defendant pled guilty, the federal court dismissed her habeas petition on the basis it was rendered moot upon her conviction. To the extent Defendant may have an ineffective assistance of counsel claim relating to the entry of her guilty plea while her federal habeas petition was pending, we again find that such claims are more appropriately addressed in an application for post-conviction relief. See State v. Washington, supra.
With regard to Defendant’s sentence, La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05); 916 So.2d 1171, 1173. Here, Defendant’s sentence was imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea. Nevertheless, we note that Defendant’s sentence falls within the sentencing range set forth in the statute. See La. R.S. 14:31. Moreover, Defendant’s plea agreement was beneficial to her in that she received a 15-year sentence for a manslaughter conviction when she could have received 40 years, and she could have received a life sentence if she had been convicted of second degree murder, the original charge.
Based on the above discussion, we agree with appellate counsel that there |9are no non-frivolous issues that could be raised on appeal. Accordingly, Defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw, which has been held in abeyance pending disposition of this matter, is granted.

CONVICTION AND SENTENCE AFFIRMED: MOTION TO WITHDRAW GRANTED.

. Co-defendant, Robert Scott, III, was also charged with the same offense in the same indictment.

. The State also amended the charge to manslaughter as to co-defendant Scott.

. Under State v. Crosby, 338 So.2d 584 (La.1976), a defendant may reserve specified errors, or adverse pre-trial rulings, for appellate review at the time of a guilty plea. Failure to specifically reserve the adverse rulings at the time of the guilty plea through a conditional plea results in the ruling not being preserved for appeal. Jurisdictional defects that are not waived, regardless of an unconditional guilty plea, are those which, even conceding a defendant’s factual guilt, do not permit conviction of the charged offense. The supreme court listed the following examples of jurisdictional defects: (1) the lack of jurisdiction of the sentencing court, (2) the conviction represents double jeopardy, (3) the prosecution had prescribed at the time it was instituted, (4) the State lacked legal power to try the defendant for the charged offense, (5) the statute under which prosecution is brought is unconstitutional, (6) the charge in the indictment does not constitute a crime, and (7) certain types of patent errors that prevent conviction for the offense. Id. at 588.

. State v. Crosby, supra.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. It is noted that the trial judge erroneously advised Defendant that the minimum penalty was ten years imprisonment at hard labor, when there is no minimum penalty under La. R.S. 14:31. La.C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of any mandatory minimum penalty and the maximum possible penalty. Any variance from the procedures required by Article 556.1 which does not affect substantial rights of the accused shall not invalidate the plea. La. C.Cr.P. art. 556.1(E). Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Craig, 10-854 (La.App. 5 Cir. 5/24/11); 66 So.3d 60, 64. In the instant case, the trial court’s erroneous advi-sal of a minimum sentence did not cause prejudice since Defendant knew the sentence she would receive, and she received that sentence. The advisal of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. See State v. Craig, supra; State v. Broadway, 40,569 (La.App. 2 Cir. 1/25/06); 920 So.2d 960, 963.