HILLARY J. CRAIN, Judge Pro Tem.
 

 On June 16, 2005, a Jefferson Parish Grand Jury returned an indictment charging defendant, Al J. Craig, with second degree murder in violation of LSA-R.S. 14:30.1. Defendant pled not guilty at his arraignment on the following day. The court ordered a competency hearing and thereafter found defendant competent to stand trial. The court also conducted a hearing on defendant’s motion to suppress statement and motion to suppress identifications. After considering the evidence
 
 *62
 
 presented, the court denied the motions to suppress.
 

 On October 27, 2008, the State amended the indictment to charge defendant with manslaughter in violation of LSA-R.S. 14:31. Defendant then withdrew his not guilty plea to second degree murder, and after being fully advised of his rights, he pled guilty to the amended charge of manslaughter under the provisions of
 
 North Carolina v. Alford,
 
 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In accordance with the plea agreement, the trial court sentenced defendant to twenty-three years of imprisonment with the Department of Corrections. In addition, the State agreed that it would not file a multiple bill in the matter. On June 16, 2010, defendant was granted an out-of-time appeal.
 

 ANDERS BRIEF
 

 On appeal, defendant’s appellate counsel filed a brief pursuant to the procedure approved by the United States Supreme Court in
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. The
 
 Anders
 
 procedure in Louisiana was discussed in
 
 State v. Benjamin,
 
 573 So.2d 528, 530-31 (La.App. 4 Cir.1990), sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), adopted for use by this Court in
 
 State v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110, and expanded by the Louisiana Supreme Court in
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam).
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if they find their case to be wholly frivolous after a conscientious examination of it.
 
 [1]
 
 The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel. should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds
 
 *63
 
 any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 State v. Bradford,
 
 676 So.2d at 1110.
 

 In her brief, defendant’s appellate counsel provides a rather extensive statement of the case, which includes a discussion of how defendant was determined to be competent to stand trial. It also includes a discussion of the hearings on the motions to suppress identifications and to suppress the statement made by defendant, which were denied. Counsel explains that after the State reduced the charge to manslaughter, defendant entered an
 
 Alford
 
 plea. Counsel also explains that defendant was “fully Boykinized,” was told that a twenty-three year sentence would be imposed, and was advised that the State would not file a multiple bill. . Appellate counsel also contends that no issues were preserved for | ^appellate review during the plea colloquy. Based on her thorough and conscientious review of the record, defendant’s appellate counsel concludes that there are no non-frivolous issues to raise on appeal.
 

 Along with her brief, appellate counsel has filed a motion to withdraw as attorney of record, which states that she filed her brief after reviewing the record and determining that no issues were preserved for appellate review when the plea was taken. She states that she has informed defendant that no valid, non-frivolous arguments concerning his case could be presented and has sent him a copy of the brief. Additionally, this Court sent defendant a letter by certified mail informing him that such a brief had been filed and that he had until November 19, 2010, to file a pro se supplemental brief. However, on November 4, 2010, after considering defendant’s motion to file a supplemental pro se brief, this Court ordered that defendant had until December 3, 2010, to file a supplemental brief in this matter. As of this date, defendant has not filed a brief.
 

 Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues and no rulings which arguably support an appeal. In the present case, defendant pled guilty to manslaughter. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea proceedings, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Additionally, although the trial court denied defendant’s motions to suppress his statement and several identifications, defendant did not preserve these rulings, or any other rulings, for appellate review under the holding in
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 It is also noted that the record contains a ruling by the trial judge finding defendant competent to stand trial. At the hearing, defense counsel stipulated to | ¡¡the expertise of the doctor and the authenticity of the report, and further stipulated that if the doctor were called to testify, she would testify consistent with her report. Given these stipulations, it does not appear that this ruling would present any issue to support an appeal.
 

 We have also reviewed defendant’s guilty plea and have found no non-frivolous issues which would support an appeal. The record shows that defendant was aware that he was pleading guilty to manslaughter pursuant to
 
 North Carolina v. Alford, supra.
 
 Further, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23
 
 *64
 
 L.Ed.2d 274 (1969), during the guilty plea colloquy and by means of the waiver of rights form. He indicated that he understood that he was waiving these rights. Defendant also indicated that he had discussed the case with his attorney, that the waiver of rights form was explained to him by his attorney, and that he understood the waiver of rights form.
 

 Defendant denied that he was under the influence of drugs or alcohol. The judge questioned defendant regarding his age and date of birth. The judge also inquired into defendant’s educational background. Defendant stated that he had an eighth grade education and could read, write, and understand the English language. In the waiver of rights form, defendant indicated he had not been forced, intimidated, or coerced into making the plea. He also indicated that he was not promised anything in exchange for the plea. Defendant was also advised of the possibility that his conviction could be used to enhance a penalty under the habitual offender law.
 

 The waiver of rights form reflects that defendant was advised that he faced a penalty range of zero to forty years at hard labor and that if his plea was accepted he would be sentenced to twenty-three years of imprisonment with the Department |7of Corrections. During the colloquy, defendant was also informed that if the plea was accepted he would receive a twenty-three year sentence with the Department of Corrections. However, according to the transcript, the trial judge informed defendant that he faced a maximum sentence of four years at hard labor. Under LSA-R.S. 14:31(B), defendant faced a sentence of imprisonment at hard labor for not more than forty years. Nevertheless, this apparent improper advice regarding the maximum sentence by the trial court during the colloquy does not appear to constitute a non-frivolous issue that should be raised on appeal.
 

 LSA-C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. Violations of LSA-C.Cr.P. art. 556.1 that do not rise to the level of
 
 Boy-kin
 
 violations are subject to harmless error analysis.
 
 State v. Guzman,
 
 99-1528 and 99-1753 (La.5/16/00), 769 So.2d 1158, 1164-66;
 
 State v. Gilliam,
 
 01-748 (La.App. 5 Cir. 1/15/02), 807 So.2d 1024, 1027,
 
 writ denied,
 
 02-0512 (La.11/1/02), 828 So.2d 562. The Louisiana Supreme Court has clearly held that the core
 
 Boykin
 
 requirements have never been extended to include advice with respect to sentencing.
 
 State v. Guzman,
 
 769 So.2d at 1164.
 

 In the present case, defendant was told the proper, maximum penalty by means of the waiver of rights form. Further, it appears the advisement of the agreed upon sentence was sufficient for compliance with LSA-C.Cr.P. art. 556.1. In
 
 State v. Broadway,
 
 40,569 (La.App. 2 Cir. 1/25/06), 920 So.2d 960, 963, the defendant argued that his guilty plea was involuntary because the court erred in failing to adequately apprise him of the sentencing range for the attempt crime to which he pled guilty. The Second Circuit noted that advice regarding sentencing exposure was not part of the core
 
 Boykin
 
 requirements and that moreover, the | Rcourt advised the defendant of the agreed sentence, which satisfied the notice requirement of LSA-C.Cr.P. art. 556.1. Further, in the present case, this could have been just a typographical error with the transcript, especially since the waiver of rights form reflects the proper maximum sentence.
 

 Having thoroughly reviewed the guilty plea proceedings, including the transcript
 
 *65
 
 and the waiver of rights form, we find that defendant was properly advised of his core
 
 Boykin
 
 rights, that defendant understood the consequences of his guilty plea, and further that defendant’s guilty plea was entered freely and knowingly. We find that there are no non-frivolous issues with regard to defendant’s guilty plea which would support an appeal.
 

 We also note that defendant pled guilty pursuant to
 
 North Carolina' v. Alford, supra.
 
 When a defendant pleads guilty under
 
 Alford,
 
 constitutional due process requires that the record contain strong evidence of actual guilt.
 
 State v. McCoil,
 
 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1123. In the present case, the trial judge failed to recite the specific evidence of defendant’s guilt during the plea colloquy, but stated that a factual basis existed for the plea. However, the record in this matter, which includes the suppression hearing transcripts, contains strong evidence of defendant’s actual guilt. Specifically, at the suppression hearing, the State presented evidence that defendant was identified as the shooter in this matter and was seen running away from the shooting. Accordingly, there was a sufficient factual basis for the
 
 Alford
 
 plea, and therefore, this does not present an issue that should have been raised on appeal.
 

 With regard to defendant’s sentence, we note that it falls within the sentencing range prescribed by statute.
 
 See
 
 LSA-R.S. 14:31(B). Further, defendant’s sentence was imposed pursuant to a plea agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.
 
 State v. Washington,
 
 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
 

 Based on the foregoing, the proceedings surrounding defendant’s plea of guilty and his sentence do not appear to present any non-frivolous issues to be raised on appeal. Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, counsel’s motion to withdraw as attorney of record is granted.
 

 ERROR PATENT REVIEW
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors patent that require corrective action.
 

 For the foregoing reasons, defendant’s conviction and sentence are affirmed. The motion to withdraw as counsel for defendant is hereby granted.
 

 CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.
 

 [1]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).