HANS J. LILJEBERG, Judge.

\ STATEMENT OF THE CASE

On September 25, 2009, the Jefferson Parish District Attorney filed a bill of information, charging defendant, Robert L. Wilson, with two counts of attempted first degree murder, in violation of LSA-R.S. 14:27 and LSA-R.S. 14:30, and two counts of armed robbery, in violation of LSA-R.S. 14:64. Defendant pled not guilty to these charges. On April 12, 2010, the State dismissed the two counts of attempted first degree murder. Defendant then withdrew his not guilty pleas and pled guilty to the two counts of armed robbery. He was sentenced to 25 years imprisonment at hard labor on each count, to run concurrently. These sentences were also ordered to be served without benefit of parole, probation, or suspension of sentence. On August 6, 2012, defendant was granted an out-of-time appeal.

FACTS

Defendant pled guilty to two counts of armed robbery. During the guilty plea colloquy, the State asserted that if defendant proceeded to trial, it would prove that defendant and co-defendant, Christopher Cosey, violated LSA-R.S. 14:64 on July 27, 2009. The bill of information adds that in Jefferson Parish, defendant and |3Cosey violated LSA-R.S. 14:64 on or about July 27, 2009, by robbing Angel Morales and Eric Gulley of the Ra Shop while armed with a dangerous weapon-a handgun.

LAW AND DISCUSSION

In his sole assignment of error, defendant argues that the trial court erred in failing to inform him of the elements of armed robbery before accepting his guilty pleas, in violation of LSA-C.Cr.P. art. 556.1, which provides that a trial court shall inform the defendant of the nature of *1177 the charge to which he is pleading prior to accepting a guilty plea in a felony case. Defendant contends that there is a complete absence of any discussion with defendant regarding the nature of the crime, its elements, or the underlying facts relative to the charges. He claims that the mere reference to the crime by name and statutory number was inadequate. Defendant requests that he be given the opportunity to withdraw his guilty pleas, if he so desires.
The State responds that the trial court’s failure to articulate the elements of the offense prior to accepting defendant’s plea of guilty is harmless. The State explains that the transcript and guilty plea form reflect that defendant was advised that he was pleading guilty to two counts of armed robbery. Defendant was also advised as to the sentencing exposure he faced, and the sentences he would receive. The State responds that although the court did not articulate each and every element of the offense of armed robbery, defendant affirmatively responded that he did commit the two armed robberies on July 27, 2009, with his co-defendant, Christopher Cosey, and that he believed it was in his best interest to plead guilty as charged. The State concludes that even if the trial court erred in advising defendant, the record does not show that his knowledge and ^comprehension of the full information would have likely affected his willingness to plead guilty, and therefore, any such error would be harmless.
LSA-C.Cr.P. art. 556.1 outlines the duty of the court when accepting a plea of guilty or nolo contendere in felony cases, providing, in pertinent part:
A. In a felony case, the court shall not accept a plea of guilty or nolo conten-dere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(Emphasis added).
The test for the validity of a guilty plea does not depend on whether the trial court specifically informed the defendant of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. State v. Howard, 11-1155, p. 8 (La.App. 5 Cir. 5/22/12), 91 So.3d 564, 570. Violations of Article 556.1 that do not rise to the level of Boykin[1] violations are subject to harmless error analysis. Id. To determine whether a violation of Article 556.1 is harmless, the proper inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. Howard, 11-1155 at 8, 91 So.3d at 570.
Subsection E of LSA-C.Cr.P. art. 556.1 further provides that “[a]ny variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.” The failure to fully comply with Article 556.1 is a statutory breach, rather than a constitutional breach, and thus, the defendant is required to show prejudice as a result of the error. State v. Ott, 12-111, p. 11 (La.App. 5 Cir. 10/16/12), 102 So.3d 944, 952.
In State v. Strattman, 08-674, p. 7 (La.App. 5 Cir. 4/28/09), 13 So.3d 1129, 1133, writ denied, 09-1157 (La.1/22/10), 25 So.3d 130, the defendant asserted an argument of non-compliance with Article 556.1. In that case, neither the waiver of rights *1178 form nor the plea colloquy specifically advised defendant that he was pleading guilty to possession with intent to distribute cocaine and hydrocodone. Rather, the only reference to the nature of the charges to which defendant was pleading was to the statutory citations. Strattman, 08-674 at 7, 13 So.3d at 1133. Also, the transcript of the plea colloquy did not show that the bill of information was read to the defendant. Id. In Strattman, this Court stated as follows:
While is it arguable that the trial court failed to ascertain that defendant understood the nature of the underlying charges to which he was pleading in accordance with LSA-C.Cr.P. art. 556.1, defendant does not allege any misunderstanding as to the nature of the charges to which he pled or that he did not intend to plead guilty. Rather, defendant asserts the argument of non-compliance with LSA-C.Cr.P. art. 556.1, for the first time on appeal, solely in an apparent attempt to circumvent LSA-C.Cr.P. art. 881.2, which prohibits appellate review of a sentence imposed in conformity with a valid plea agreement. In fact, in his appellate brief, defendant never asks that his guilty plea be set aside but instead asks that his sentence be vacated as constitutionally excessive and the matter remanded for resentenc-ing.
The record does not show that defendant lacked awareness of the nature of the offenses to which he was pleading. Consistently throughout the plea colloquy, defendant indicated he understood he was pleading guilty to two offenses under LSA-R.S. 40:967(A) and that he understood the consequences of his plea.
Defendant never asked any questions throughout the plea colloquy or expressed any confusion. He denied any force or coercion had been used against him in obtaining the guilty plea. Additionally, the record clearly reflects that defendant was properly Boykinized. Thus, it appears any error in the trial court’s failure to comply with Article 556.1 in ascertaining defendant’s understanding of the nature of the two underlying charges to which he was pleading guilty was harmless.
Strattman, 08-674 at 7-8, 13 So.3d at 1133-34.
In the present case, defendant was represented by counsel, who presumably explained the nature of the charges to give him notice of what he was being asked | fito admit.[2] Furthermore, the transcript also shows that defendant was adequately made aware of the nature of the offense to which he was pleading.
Defendant was present when his attorney said that he was pleading guilty to two counts of armed robbery. The trial judge requested confirmation that defendant was pleading guilty to two counts of armed robbery, and defendant responded affirmatively. Although the factual basis given by the .State did not include the name of the offense, it did provide the statute number and the date of the offenses. The factual basis also indicated that the offenses were committed with co-defendant, Christopher Cosey. After the State provided the factual basis of the offenses, the trial judge asked defendant if he had committed the crimes as described by the State, and defendant responded affirmatively, without asking any ques *1179 tions. Defendant acknowledged that he understood the terms and conditions of the waiver of rights form, which he signed and initialed. He was also advised of his Boy-kin rights and agreed that he had not been forced or coerced into pleading guilty.
Even if the trial court erred in not fully advising defendant of the nature of the offenses to which he was pleading guilty, the record does not show that defendant’s knowledge and comprehension of the full information would have likely affected his willingness to plead guilty. Defendant agreed he was pleading guilty to two counts of armed robbery, knowing the sentencing exposure he faced and the sentences he would receive if the judge accepted his pleas. Also, the State dismissed two counts of attempted first degree murder in which defendant was 17charged. Defendant acknowledged that he believed the guilty pleas were in his best interest, and his counsel agreed.
Defendant does not allege that he did not intend to plead guilty or that he did not understand the nature of the charges against him. Defendant fails to argue how any more explanation of the elements of the offense would have affected his willingness to plead guilty to the two counts of armed robbery. Consequently, defendant failed to establish that he lacked awareness of the elements or that he was unaware of the essential nature of the offenses to which he pled. The record does not show sufficient prejudice to support defendant’s claim. Accordingly, any such error regarding an advisal as to the nature of the offenses was harmless, and this assignment of error is without merit.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals one error requiring corrective action.
The commitment lacks clarity as to the sentences imposed. The transcript reflects that a sentence was imposed for each of the two armed robbery convictions. The transcript also reflects that both sentences were ordered to run concurrent with one another and to be served without benefit of parole, probation, or suspension of sentence. The commitment reflects that defendant was sentenced to “25 years Hard Labor on counts 4, 5 concurrently with all counts.” The commitment also reflects the following: “Sentence to be served without benefit of parole, probation, or suspension of sentence.”[3]
The commitment does not clearly specify that defendant received a 25-year sentence for each count and that each count was ordered to be served without ^benefit of parole, probation, or suspension of sentence. As such, we remand the matter and order the trial court to correct the commitment to specify that defendant received a 25-year sentence at hard labor on each count and that each sentence is to be served without benefit of parole, probation, or suspension of sentence. We further direct the clerk of court to transmit the original of the minute entry to the officer in charge of the institution to which the defendant has been sentenced. See LSA-C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846.

DECREE

For the foregoing reasons, we affirm defendant’s convictions and sentences.

AFFIRMED

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. This Court has previously stated that when a defendant is represented by counsel, the trial court accepting his guilty plea may presume that counsel has explained the nature of the charge in sufficient detail that the defendant has notice of what his plea asks him to admit. State v. Farinas, 09-396, pp. 13-14 (La.App. 5 Cir. 11/24/09), 28 So.3d 1132, 1140-41, writ denied, 10-0086 (La.6/25/10), 38 So.3d 335, citing Henderson v. Morgan, 426 U.S. 637, 644-647, 96 S.Ct. 2253, 2257-59, 49 L.Ed.2d 108 (1976).

. Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983).