JUDE G. GRAVOIS, Judge.
| ¡^Defendant, David H. Respert, appeals his convictions of one count of attempted second degree murder and one count of attempted armed robbery that resulted from his guilty pleas under the provisions of North Carolina v. Alford, 400 U.S. 25, *841 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). On appeal, defendant’s appointed appellate counsel has filed a brief in conformity with the provisions of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), asserting that she has found no non-frivolous issues to raise on appeal. Appointed appellate counsel has filed a motion to withdraw as counsel of record for defendant. Defendant filed a pro se supplemental brief, asserting that he was not informed of the elements of the offense until after the trial court accepted his guilty pleas, thus arguing that his guilty pleas were not knowingly or voluntarily made. For the reasons that follow, we affirm defendant’s convictions and sentences, grant appellate counsel’s motion to withdraw as counsel of record for defendant, and remand the matter for correction of the commitment as noted herein.
| ^PROCEDURAL HISTORY
On September 29, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant, David H. Respert, with attempted second degree murder of Anthony Rodriguez, in violation of La. R.S. 14:27 and 14:30.1 (count one), and attempted armed robbery with a firearm of Anthony Rodriguez, in violation of La. R.S. 14:27 and 14:64 (count two). In the same bill of information, two co-defendants were also charged with these same crimes. Defendant pleaded not guilty as to both counts at his arraignment on September 30, 2011. On November 18, 2011, defendant filed a motion for a preliminary examination.
Defendant and his counsel were present at a hearing on June 13, 2012, wherein the trial court denied the co-defendants’ motions to suppress evidence and identifications. Defendant raised no motions of his own on that date. On July 10, 2012, defendant filed a motion to suppress identification.
On September 17, 2012, defendant withdrew his pleas of not guilty and pleaded guilty as charged as to both counts under Alford. Defendant was sentenced to twenty years imprisonment at hard labor on each count, to run concurrently with each another and with the sentence imposed on defendant in “Division J of the 24th JDC,” On July 9, 2014, the district court granted defendant’s request for an out-of-time appeal, pursuant to an application for post-conviction relief filed by defendant.

FACTS

Defendant pleaded guilty to attempted second degree murder (count one) and attempted armed robbery (count two) instead of proceeding to trial. During the guilty plea colloquy, the State provided the following factual basis for the pleas:
|4If we went to trial the State would prove that on or about July 20, 2011, Mr. Respert was in a car along with Mr. Vido [sic] and Mr. Cosey, and the victim, and that during the car ride in the City of Kenner, which is within Jefferson Parish guns were pulled, and the victim was shot multiple times. The victim exited the vehicle, was left in the street in Kenner and the victim survived. And also during the shooting the victim’s wallet and other merchandise possibly marijuana were demanded of him by the people in the vehicle.
The bill of information adds that in Jefferson Parish on or about July 20, 2011, defendant violated La. R.S. 14:27 and 14:30.1 by attempting to commit the second degree murder of Anthony Rodriguez, and violated La. R.S. 14:27 and 14:64 by attempting to rob Anthony Rodriguez *842 while armed with a dangerous weapon, a firearm.[1]

ANDERS BRIEF

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal, following Anders v. California, supra, and State v. Jyles, supra.
In Jyles, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, 704 So.2d at 241.
1 sWhen conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Bradford, 676 So.2d at 1110.
Defendant’s appellate counsel asserts that after a thorough review of the record, she could find no non-frivolous issues to raise on appeal. Counsel notes that there was no trial, and therefore, the record contains little factual information about the offenses other than the Boykin[2] examination and defendant’s guilty plea colloquy. Counsel asserts that post-conviction relief is the only way that new evidence can be added to the record, specifically of defendant’s claims in a previous application for post-conviction relief that a co-defendant has recanted his identification of defendant and his involvement in the subject crimes. Counsel asserts that it is in the best interest of defendant that this appeal be dismissed and that defendant proceed to seek post-conviction relief.
Appellate counsel notes that there were no issues preserved for appellate review during the guilty plea colloquy. Counsel asserts that the proposed sentences were clearly stated before defendant’s guilty pleas were accepted, and defendant’s “convictions and sentences on the face of this record were informed and not the result of a misunderstanding.” Counsel notes that the only possible issues for further review are defendant’s assertions raised in his previous application for post-conviction relief. Counsel asserts that the record does not |fieontain any material evidence that questions the fairness of the proceeding. Appointed appellate counsel has accordingly filed a motion to withdraw as counsel of record for defendant.
*843 Defendant filed a pro se brief, wherein he asserts that his appointed appellate counsel did not conduct a conscientious and thorough review of the record. Defendant argues that the record of his Boy-kin colloquy plainly reflects that defendant was not informed of the elements of the crimes charged prior to entering his pleas, and thus his pleas are constitutionally infirm.
The State agrees with counsel that the record does not contain any non-frivolous issues to be raised on appeal. The State asserts that appellate counsel has conformed with and followed the procedures set forth in Anders, supra, and Jyles, supra.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of information in this case properly charged defendant. It plainly, concisely, and definitely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged. See generally La.C.Cr.P. arts. 464^466. As reflected by the minute entries and transcript, defendant appeared at each stage of the proceedings against him, including his arraignment, guilty pleas, and sentencing.
Defendant pleaded guilty to attempted second degree murder and attempted armed robbery. Prior to his guilty pleas, defendant filed pre-trial motions for a preliminary examination and to suppress identification. While the record does not indicate that all of defendant’s motions were ruled upon prior to defendant entering his guilty pleas, defendant waived the motions by pleading guilty. State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Defendant also did not 17preserve matters for appellate review under State v. Crosby, 338 So.2d 584 (La.1976). A guilty plea normally waives all non-jurisdictional defects in the. proceedings leading up to the guilty plea proceedings and precludes review of such defects either by appeal or post-conviction relief. State v. Craig, 10-854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60, 62, 63 (citing State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664).
After reviewing defendant’s guilty pleas, we find no non-frivolous issues that would support an appeal in the present case. The record shows that defendant was aware that he was pleading guilty to attempted second degree murder and attempted armed robbery pursuant to Alford. The transcript and waiver of rights form both reflect that defendant was advised of his right to a trial by jury, his right to confront and cross-examine his accusers and witnesses against him and call witnesses on his behalf, his privilege against self-incrimination, the right to testify if he so chose, and the right to maintain pleas of not guilty. Both the transcript and the waiver of rights form reflect that defendant indicated that he understood that he was waiving these rights. In addition, defendant indicated that he had discussed the case with his attorney, that the waiver of rights form was explained to him by his attorney, and that he understood the waiver of rights form.
The transcript and waiver of rights form reflect that defendant provided his age and date of birth and that the trial judge inquired into defendant’s educational background. By the waiver of rights form, defendant indicated that he had not been forced, intimidated, coerced, or promised a reward for pleading guilty. Defendant was also advised that if he was convicted of a subsequent offense, the State could seek an enhanced penalty pursuant to the habitual offender law.
*844 Further, during the guilty plea colloquy, defendant was advised of the penalty range for each offense. Both the transcript and the waiver of rights form |sreflect that defendant was advised that if his guilty pleas were accepted, he would be sentenced to twenty years imprisonment at hard labor on each charge, with the first ten years to be without benefits, to run concurrently with each other and with the sentence imposed in Division J.
After thoroughly reviewing the guilty plea proceedings, including the transcript and waiver of rights form, we find that defendant was properly advised of his Boykin rights, that defendant understood the consequences of his guilty pleas, and that there were no non-frivolous issues with regard to defendant’s guilty pleas which would support an appeal.
In addition, it is noted that defendant pleaded guilty pursuant to Alford,[3] which requires the establishment of a factual basis for the plea when a guilty defendant protests that he is innocent. See State v. Lyons, 13-180 (La.App. 5 Cir. 10/09/13), 128 So.3d 407, 414-15 (where this Court found that there was a sufficient factual basis for the defendant’s Alford pleas and that there were no non-frivolous issues to be raised on appeal). “When a defendant pleads guilty under Alford, constitutional due process requires that the record contain a strong evidence of actual guilt.” Craig, 66 So.3d at 65 (citing State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1123). See also Lyons, 128 So.3d at 415.
In the present case, the prosecutor offered a factual basis for the pleas. After the factual basis, defendant indicated that he understood the nature of the charges against him and that he was pleading guilty under Alford. Additionally, the evidence presented by the State during the co-defendants’ suppression hearing contains strong evidence of guilt. Specifically, the State presented evidence that | sco-de-fendant, Tyrone Cosey, positively identified defendant and memorialized his identification of defendant by writing “[fjront seat passenger” and “[s]hooting.” At the suppression hearing, the transcript of the statement that co-defendant, Tyrone Co-sey, provided to police was admitted into evidence. In his statement, Mr. Cosey stated that defendant pulled out a gun and told the victim to “[g]ive them everything.” According to Mr. Cosey’s statement, the victim attempted to wrestle for the gun, and defendant began shooting the victim. Accordingly, there is a sufficient factual basis in the record for the Alford pleas.
The imposed sentences fall within the sentencing ranges prescribed by statute. See La. R.S. 14:27, 14:30.1, and 14:64. Also, defendant was sentenced in conformity with a plea agreement. La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. See Craig, 66 So.3d at 65 (citing State v. Washington, 05-211 (La.App. 5 Cir. 10/06/05), 916 So.2d 1171, 1173); see also State v. Ott, 12-111 (La.App. 5 Cir. 10/16/12), 102 So.3d 944, 951.
Based on the foregoing, the proceedings surrounding defendant’s guilty pleas and sentencing do not present any non-frivo *845 lous issues to be raised on appeal. Appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. See Craig, 66 So.3d at 65.

PRO SE ASSIGNMENT OF ERROR

In his sole pro se assignment of error, defendant argues that his guilty pleas were not voluntary or knowing because he was not informed of the elements of the offenses to which he pleaded guilty before the trial court accepted his guilty pleas. ImDefendant argues that the trial judge accepted his guilty pleas first, and not until afterwards, as reflected by the transcript, did the State recite the factual basis for the pleas. Defendant argues that the acceptance of his guilty pleas before the State recited the factual basis makes his pleas constitutionally infirm.
La.C.Cr.P. art. 556.1 outlines the duty of the court when accepting a plea of guilty in felony cases, providing, in pertinent part, as follows:
A. In a felony case, the court shall not accept a plea of guilty or nolo con-tendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
La.C.Cr.P. art. 556.1(A)(1). (Emphasis added.) See also State v. Wilson, 12-819 (La.App. 5 Cir. 5/16/13), 118 So.3d 1175, 1177, to-wit:
The test for the validity of a guilty plea does not depend on whether the trial court specifically informed the defendant of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. Violations of Article 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. To determine whether a violation of Article 556.1 is harmless, the proper inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty.
Wilson, 118 So.3d at 1177. (Internal citations omitted.)
Subsection E of La.C.Cr.P. art. 556.1 further provides that “[a]ny variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.” The failure to fully comply with Article 556.1 is a statutory breach, rather than a constitutional breach, and thus, the defendant is required to show prejudice as a result of the error. Wilson, supra (citing Ott, 102 So.3d at 952).
Inin Wilson, the defendant argued on appeal that the trial court erred in failing to inform him of the elements of armed robbery before accepting his guilty pleas. Wilson, 118 So.3d at 1176-77. This Court stated that the defendant was represented by counsel, who presumably explained the nature of the charges. This Court also stated that the transcript showed that the defendant was adequately made aware of the nature of the offense to which he was pleading. Wilson, 118 So.3d at 1178. Specifically, this Court explained that the defendant was present when his attorney stated that he was pleading guilty to two counts of armed robbery and when the trial judge referenced armed robbery. *846 This Court further stated that the defendant was advised of his Boykin rights. Wilson, 118 So.3d at 1179. Consequently, this Court found that the defendant failed to establish that he lacked awareness of the elements or that the lack of awareness resulted in his unawareness of the essential nature of the offenses to which he pled. This Court further found that the record did not show sufficient prejudice to support the defendant’s claim. Accordingly, this Court found that any such error regarding an advisal as to the nature of the offenses was harmless. Wilson, 118 So.3d at 1179.
Also, in State v. Jones, 07-512 (La.App. 5 Cir. 12/27/07), 975 So.2d 21, writ denied, 08-325 (La.9/26/08), 992 So.2d 982, the defendant asserted on appeal that the trial court accepted his Alford pleas to charges of armed robbery and simple robbery without ascertaining that he had a full understanding of the elements of the crime and without a factual basis in the record to support his pleas. This Court found that 'the evidence presented at a motion to suppress identification 'hearing, where the State presented evidence that defendant was identified by witnesses to the robberies, demonstrated strong evidence of the defendant’s actual guilt, and therefore, supported his Alford plea. Jones, 975 So.2d at 22-27.
|iaIn the present case, the record shows that defendant was aware of the nature of the offenses to which he was pleading. The guilty plea form reflects that defense counsel signed and defendant initialed that counsel “informed the defendant of his or her rights, particularly the nature of the crime to, which he or she is pleading guilty.” Defendant also signed acknowledging that “my attorney and the trial judge have explained the nature of the crime to which I am pleading guilty.”[4]
Further, defendant acknowledged during the guilty plea colloquy, and by the guilty plea form, that he understood the nature of the charges against him. During the guilty plea colloquy, both before and after the State read the factual basis for the charges, defendant stated that he understood the nature of the charges to which he was pleading. In the guilty plea form, defendant also initialed that he understood the nature of the charges against him.
It is further noted that the transcript reflects that defendant never asked any questions regarding the nature of the charges against him during the plea colloquy or made any indication that he did not understand the nature of the charges against him or any of the elements. Therefore, under the circumstances of this case, we find that defendant has failed to establish that he lacked awareness of the elements or that the lack of awareness resulted in his unawareness of the essential nature of the offenses to which he pled. The hearing transcript shows that despite pleading guilty immediately before the State provided the factual basis, defendant had subsequent opportunity to express any questions he had regarding the proceedings, and further that defendant reiterated his understanding of the charges against him \udfter the factual basis was recited, *847 prior to sentencing. Accordingly, this assignment of error is without merit.

ERRORS PATENT REVIEW

We reviewed the record for errors patent, according to La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and found one patent error that requires corrective action.
The record reveals a conflict between the transcript and the “State of Louisiana Uniform Commitment Order,” which reflects the incorrect date of the offenses. The Uniform Commitment Order incorrectly reflects the date of the offenses as August 18, 2011. The record reflects that the offenses were committed on July 20, 2011.
Accordingly, we remand the matter for correction of the Uniform Commitment Order regarding the date of the offenses and further direct the Clerk of Court to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections’ legal department. State v. Lyons, 13-564 (La.App. 5 Cir. 1/31/14), 134 So.3d 36, 41, writ denied, 14-481 (La.11/7/14), 152 So.3d 170 (citing State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142); see also La.C.Cr.P. art. 892(B)(2).

J¿¿CONCLUSION

For the foregoing reasons, defendant’s convictions and sentences are affirmed. Appellate counsel’s motion to withdraw as counsel of record for defendant is granted.[5] The matter is remanded for correction of the commitment, as noted above.

AFFIRMED; MOTION TO WITHDRAW GRANTED: REMANDED FOR CORRECTION OF COMMITMENT.

. It is noted that additional facts are contained in a transcript of the co-defendants' motions hearing, included in the record of this proceeding, held on June 13, 2012, at which defendant was present, although defendant tried no motions of his own on that date.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. While most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. North Carolina, v. Alford, 400 U.S. 25, 26, 91 S.Ct. 160, 162, 27 L.Ed.2d 162, 165 (1970).

. This Court has previously stated that when a defendant is represented by counsel, the trial court accepting his guilty plea may presume that counsel has explained the nature of the charge in sufficient detail that the defendant has notice of what his plea asks him to admit. State v. Farinas, 09-396 (La.App. 5 Cir. 11/24/09), 28 So.3d 1132, 1140-41, writ denied, 10-0086 (La.6/25/10), 38 So.3d 335 (citing Henderson v. Morgan, 426 U.S. 637, 644-647, 96 S.Ct. 2253, 2257-59, 49 L.Ed.2d 108 (1976)). See also Wilson, 118 So.3d at 1178, n. 2.

. Defendant filed an objection and traversal to counsel’s motion to withdraw, in which he makes essentially the same arguments made in his pro se supplemental brief. For the reasons stated in our analysis of the arguments made in defendant’s pro se supplemental brief, we find no merit to defendant’s objection and traversal to counsel's motion to withdraw.