CHAISSON, J.
*1024 Defendant, Cardell E. Torrence, appeals his convictions and sentences for racketeering, conspiracy to commit theft, and theft of property. For the reasons that follow, we affirm defendant's convictions and sentences, but we remand the matter for the correction of errors patent as noted herein. In addition, we grant appellate counsel's motion to withdraw as attorney of record for defendant.
PROCEDURAL HISTORY
On June 30, 2016, the Jefferson Parish Grand Jury returned an indictment charging defendant and twelve other individuals with various offenses arising from the operation of a vehicle theft and "chop shop" ring throughout the State of Louisiana between May 1, 2009, and May 16, 2016. Specifically, defendant was charged with one count of racketeering, in violation of La. R.S. 15:1352 and La. R.S. 1353 (count one), one count of conspiracy to commit theft of property valued over $25,000.00, in violation of La. R.S. 14:26 and La. R.S. 14:67 (count two), and one count of theft of property valued at $5,000.00 or more but less than $25,000.00, in violation of La. R.S. 14:67 (count twenty-four).
On November 16, 2016, after being advised of his rights, defendant pled guilty as charged. Thereafter, on December 15, 2016, the trial court sentenced defendant in accordance with the plea agreement to ten years on "all counts" in the Department of Corrections[1] to run concurrently.
The State then filed a bill of information, pursuant to the provisions of La. R.S. 15:529.1, seeking to have defendant adjudicated a second felony offender on count two. After being advised of his rights, defendant stipulated to the allegations in the multiple bill. The trial court then vacated defendant's sentence on count two and resentenced him, in accordance with the plea agreement, to ten years in the Department of Corrections to run concurrently with the previously imposed sentences. The trial judge subsequently granted defendant an out-of-time appeal.
FACTS
Because defendant pled guilty, the facts of this case were not fully developed at a trial. However, as part of the plea agreement, defendant provided a written factual basis indicating that since 2010, he had stolen approximately four to five vehicles per month with Kevin Nero and Edwin Smith and had also stolen four or five vehicles with Parrish Norris. He further acknowledged that he received approximately $500.00 to $600.00 per stolen vehicle and that he helped to dissemble the stolen vehicles. In addition, defendant recognized that on March 23, 2016, he stole a 2015 Suzuki GSX-R.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that she has thoroughly *1025 reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as attorney of record for defendant.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Bradford , 676 So.2d at 1110.
In this case, defendant's appellate counsel has filed an Anders brief, in which she sets forth the procedural history, the limited facts, and the circumstances surrounding defendant's guilty pleas. She specifically notes that during the November 16, 2016 guilty plea proceedings, the trial court explained to defendant each of the rights necessary to ensure a knowing and intelligent waiver of rights and further advised defendant of the sentences that would be imposed upon acceptance of his guilty pleas. Defendant's appellate counsel also notes that at the multiple offender proceeding on December 15, 2016, the trial court explained to defendant the rights he was waiving by stipulating to the multiple offender bill and the terms of his sentence. Further, she notes that the defendant was sentenced in conformity with the plea agreement and therefore is restricted by law from appealing his sentences. Having made a conscientious and thorough review of the trial court record and finding no non-frivolous issues to raise on appeal and no rulings of the trial court that arguably support the appeal, appellate counsel requests permission to withdraw as attorney of record for defendant.
In addition to appellate counsel's brief, defendant has filed a pro se supplemental brief, in which he challenges the validity of his guilty pleas alleging that they were not knowingly and intelligently entered. Defendant also asserts that the enhanced sentence imposed pursuant to the provisions of La. R.S. 15:529.1 is unconstitutional.
This Court has performed an independent, thorough review of the pleadings, minute entries, bills of information, and transcripts in the appellate record. Our review supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. We particularly note that the record reveals no constitutional infirmities or irregularities in defendant's guilty pleas to the three felony offenses. The transcript of the guilty plea proceedings and the acknowledgment and waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his Boykin[3] rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving his rights by pleading guilty.
In addition, the record reflects that defendant was advised by the trial court and in the waiver of rights form of the potential *1026 sentencing ranges for the charged offenses and of the actual sentences that would be imposed upon acceptance of his guilty pleas.[4] Further, defendant acknowledged that pleading guilty was a knowing, intelligent, free, and voluntary act on his part and that no promises or threats had been made to encourage him to plead guilty. Defendant also answered affirmatively when asked whether he understood the possible legal consequences of pleading guilty as explained to him by his attorney and by the court. After a thorough colloquy with defendant, the trial court accepted defendant's pleas as knowingly, intelligently, freely, and voluntarily made.
Likewise, the record reveals that defendant was adequately advised of his rights in the multiple offender proceedings. The waiver of rights form and the colloquy between the trial court and defendant indicate that defendant was advised of his right to a hearing at which the State would have to prove the multiple offender status and of his right to remain silent throughout such a hearing. Defendant was also advised of the potential sentencing range as a second felony offender and of the actual sentence he would receive. Defendant indicated he was satisfied with the representation provided to him by his attorney and denied that he was forced, threatened, or coerced into entering the stipulation. Afterward, the trial court accepted his stipulation to the multiple bill as knowingly, intelligently, freely, and voluntarily made.
With regard to defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, this Court has consistently recognized that La. C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Williams , 12-299 (La. App. 5 Cir. 12/11/12), 106 So.3d 1068, 1075, writ denied , 13-109 (La. 6/21/13), 118 So.3d 406.
Here, defendant's original and enhanced sentences were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea. Further, his sentences fall within the sentencing ranges set forth in the statutes. See La. R.S. 15:1354 ; La. R.S. 14:26 ; La. R.S. 14:67 ; La. R.S. 15:529.1. Moreover, the plea agreement appears beneficial to him in that he received a low-range sentence for his conviction of racketeering and a ten-year enhanced sentence when the maximum exposure was twenty years imprisonment.
Based on the foregoing, we find that defendant's guilty pleas, his multiple offender stipulation, and the sentences imposed pursuant to the plea agreements do not present any issues for appeal. We now turn our attention to the arguments raised by defendant in his pro se supplemental appellate brief.
*1027 PRO SE ASSIGNMENT OF ERROR NUMBER ONE
In this first assigned error, defendant argues that his pleas were unknowingly and unintelligently entered as he did not understand the crimes to which he was pleading guilty. He specifically asserts that he did not understand the factual basis of the crimes and further that neither his trial counsel nor the trial court properly explained to him the statutory elements of racketeering or conspiracy, in violation of La. C.Cr.P. art. 556.1.
The record does not support defendant's argument that he did not understand the factual basis of the crimes to which he pled guilty. In fact, as part of the written plea agreement, defendant provided a factual basis setting forth his involvement in the crimes. During the guilty plea proceedings, defendant acknowledged his signature on the page entitled "Factual Basis" and further acknowledged that all of the information on that page was factually accurate. Therefore, defendant clearly was aware of the factual basis of the crimes to which he pled guilty.[5]
Further, we find no merit to defendant's argument that he was not informed of the statutory elements of the offenses. Under La. C.Cr.P. art. 556.1(A)(1), the trial court shall not accept a plea of guilty or nolo contendere without determining that the defendant understands the nature of the charge to which the plea is offered. In State v. Respert , 14-769 (La. App. 5 Cir. 2/25/15), 168 So.3d 839, 845, writ denied , 15-604 (La. 1/25/16), 184 So.3d 1288, this Court recognized that the test for the validity of a guilty plea does not depend on whether the trial court specifically informed the defendant of every element of an offense, but rather the defendant must establish he lacked awareness of the essential nature of the offense to which he was pleading.[6]
In the present case, the record reflects that defendant was aware that he was pleading guilty to racketeering, conspiracy to commit theft valued over $25,000.00, and theft over $5,000.00 but less than $25,000.00. Defendant executed a written plea agreement and initialed the page of the agreement stating the charges to which he was pleading guilty. Further, the waiver of rights form, which was also initialed and signed by defendant, indicates that defendant was aware and understood that he was pleading guilty to racketeering, conspiracy to commit theft over $25,000.00, and theft of $5,000.00 or more but less than $25,000.00. Lastly, during the colloquy with the trial court, defendant answered affirmatively when asked if he understood the crimes to which he was pleading guilty.
Accordingly, in light of the foregoing, we find no merit to defendant's argument that his guilty pleas were not knowingly and intelligently entered.
*1028 PRO SE ASSIGNMENT OF ERROR NUMBER TWO
In this second assigned error, defendant asserts that the imposition of his enhanced sentence pursuant to the multiple offender bill of information was double jeopardy, pointing out that no new crime was charged and that he was already "tried, convicted and sentenced for a violation of La. R.S. 15:1352 and R.S. 14:26:67."
The Habitual Offender Law creates no independent offense but rather prescribes the conditions under which there is an enhanced penalty for the current offense. State v. Boykin , 34,133 (La. App. 2 Cir. 12/6/00), 774 So.2d 1074, 1075. See also State v. Dorthey , 92-3120 (La. 9/10/93), 623 So.2d 1276 (explaining that because the multiple offender hearing is not a trial, legal principles such as double jeopardy do not apply). Therefore, considerations of double jeopardy do not apply to multiple offender proceedings. We further note that the record reflects that even before defendant pled guilty to the underlying charges, he was aware he would be charged as a multiple offender on count two as part of the plea agreement. Thus, defendant's second pro se assignment is also without merit.
ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). Our review reveals an error relating to the date of the offenses in the State of Louisiana Uniform Commitment Order (UCO) that needs correction. The UCO sets forth an offense date of May 1, 2009; the waiver of rights form and the transcript of the colloquy indicate that the date of the offenses was March 23, 2016; and the indictment sets forth a range of May 1, 2009 through May 16, 2016, as the offense date for counts one and two, and March 23, 2016, as the offense date for count twenty-four. In light of these discrepancies, we remand the matter to the trial court for the correction of the UCO to reflect the correct offense dates. We further instruct the Clerk of Court for the 24th Judicial District to transmit the corrected UCO to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections' legal department. See State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
DECREE
Based on the foregoing, we find that defendant's guilty pleas, his multiple offender stipulation, and the sentences imposed pursuant to the plea agreements do not present any issues for appeal. Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we affirm defendant's convictions, his multiple offender adjudication, and the sentences imposed pursuant to the plea agreements. We remand the matter for correction of errors patent as noted herein. In addition, we grant appellate counsel's motion to withdraw as attorney of record for defendant.
CONVICTIONS AND SENTENCES AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

This Court has previously held that when the trial judge states that the defendant is sentenced to the "Department of Corrections," the sentence is necessarily at hard labor. State v. Jamison , 17-49 (La. App. 5 Cir. 5/17/17), 222 So.3d 908, 909 n.2.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

See Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea in a felony case, the court must personally inform defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. In the present case, the trial court misadvised defendant that the maximum penalty that could be imposed on count twenty-four was sixteen years imprisonment whereas it was actually ten years. The trial court did, however, advise defendant of the sentences that would be imposed upon acceptance of his guilty pleas. The advisement of the agreed upon sentence was sufficient for compliance with La. C.Cr.P. art. 556.1. State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64.

In any event, we note that the due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. Louisiana law, unlike federal law, has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis. Due process requires a factual basis for a defendant's guilty plea only when a defendant proclaims his innocence or when the trial court is otherwise put on notice that there is a need for an inquiry into the factual basis. State v. Smith , 09-769 (La. App. 5 Cir. 3/9/10), 38 So.3d 894, 896 n.1, writ denied , 10-843 (La. 11/5/10), 50 So.3d 812.

Subsection E of La. C.Cr.P. art. 556.1 provides, "Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea."