GRAVOIS, J.
1 defendant, Patricia A. Meadows, appeals her convictions and sentences for armed robbery (count one), attempted armed robbery (count two), and four counts of forgery (counts three, four, five, and six). She also appeals her adjudication as a second felony offender under La. R.S. 15:529.1 and her ensuing enhanced sentence on count two. For the following reasons, we affirm defendant’s convictions and sentences on counts one and two, and finding errors patent, we vacate the indeterminate sentences imposed by the trial court on counts three, four, five, and six, and remand the matter to the trial court for resentencing on counts three, four, five, and six, and for imposition of an enhanced sentence on count two under La. R.S. 15:529.1. Further, we grant.appellate counsel’s motion to withdraw as counsel of record for defendant.
PROCEDURAL HISTORY
On February 4, 2015, the Jefferson Parish District Attorney filed a six-count bill of information charging defendant, Patricia A. Meadows, with armed robbery, a violation of La. R.S. 14:64 (count. one); attempted armed robbery, a violation of La. R.S. 14:27 and 14:64 (count two); and forgery, a violation of La. R.S. 14:72 (counts three, four, five, and six). Defendant pled not guilty at her arraignment that same day.
On August 27, 2015, defendant withdrew her pleas of not guilty, and after being advised of her Boykin[1] rights, pled guilty as charged to all six counts.[2] In accordance with the plea agreement, defendant was *1204 sentenced to twenty-five years imprisonment with the Department of Corrections on count one; 24.75 years |2(twenty-four years and nine months) imprisonment with the Department of Corrections on count two; and purportedly ten years imprisonment with the Department of Corrections on counts three, four, five, and six.[3], [4] All counts were ordered to be served concurrently with one another, and counts one and two were ordered to be served without the benefit of probation, parole, or suspension of sentence.[5]
Also on August 27, 2015, the State filed a habitual offender bill of information on count two, alleging defendant to be a second felony offender.[6] Defendant stipulated to the habitual offender bill of information after being advised of her rights. Prior to accepting defendant’s stipulation, the trial court advised defendant that she would be “sentenced to incarceration for 24.75 years with the Department of Corrections” on count two, pursuant to the habitual offender plea agreement, as a second felony offender under La. R.S. 15:529.1, without the benefit of probation, parole, or suspension of sentence.[7]
On August 17, 2016, defendant filed an application for post-conviction relief. The trial court construed defendant’s application for post-conviction relief as a request for an out-of-time appeal, and on August 22, 2016, granted defendant an out-of-time appeal. Defendant’s appeal follows.
FACTS
Because defendant’s convictions were the result of guilty pleas, the facts underlying the crimes of conviction are not fully developed in the record. Thus, lathe facts were gleaned from the factual basis for the offenses provided by the State at the , guilty plea proceeding.
The State submitted that if it had proceeded to trial, it would have proven beyond a reasonable doubt that defendant, on November 22, 2014, while in the Parish of Jefferson, “violated Louisiana Revised Statute 14:64 in that she did rob the Smoothie King while armed with a dangerous weapon”—a knife. The State further asserted that- it would have also proven beyond a reasonable doubt that on that same date, while in the Parish of Jefferson, defendant violated La. R.S. 14:27 and 14:64 “in that she did attempt to rob Planet Beach while armed with a dangerous weapon”—a knife. Lastly, the State maintained that it would have proven beyond a reasonable doubt that defendant committed four counts of forgery, in violation of *1205 La. R.S. 14:72. Specifically, with respect to count three, the State argued it would have proven that between October 20, 2014 and October 21, 2014, while in the Parish of Jefferson, defendant violated La. R.S. 14:72[8] in that she did “issue, transfer, possess with the intent to defraud a forged writing known by Patricia Meadows to be forged.” Furthermore, with respect to counts four, five, and six, the State argued that it would have proven beyond a reasonable doubt that between May 11, 2005 and June 14, 2014, defendant “violated Louisiana Revised Statute 14:72 three times while in the Parish of Jefferson in that she did issue, transfer, or possess with the intent to defraud a forged check for TriCity Body Shop. Those check numbers were Check Number 5215, Check Number 5219, and Check Number 5216.”
ERRORS PATENT REVIEW
Initially, upon our errors patent review, we have noticed errors patent on the face of the record concerning 1) the purported sentences defendant received on | ¿counts three, four, five, and six; and 2) the lack of imposition of an enhanced sentence on count two under La. R.S. 15:529.1.
First, the record is unclear as to whether defendant received separate, individual sentences on counts three, four, five, and six, respectively. The transcript reflects that the trial court stated: “On Counts 3 through 6, you’re sentenced as follows: You’re sentenced to 10 years with the. Department of Corrections. We order that you receive credit for time served while awaiting trial in this matter. This sentence runs concurrent with all other counts filed herein .... ” Thus, it is unclear as to whether defendant was sentenced to 10 years on each of the four counts of forgery, or 10 years total on all four counts. Defendant’s convictions of four counts of forgery require the imposition of four separate sentences. See State v. Soco, 94-1099 (La.App. 1 Cir. 6/23/95), 657 So.2d 603. Further, it is well settled that a defendant can appeal from a final judgment of conviction only where sentence has actually been imposed. La. C.Cr.P. art. 912(C)(1); State v. Chapman, 471 So.2d 716 (La. 1985) (per curiam). Thus, based on the transcript, we find defendant’s sentences on counts three, four, five, and six to be indeterminate. Defendant’s appeal of her convictions and sentences .on counts three, four, five, and six is thus not properly before this Court at the present time.
Second, the record reflects that the trial court failed to actually impose an enhanced sentence on count two under La. R.S. 15:529.1. The transcript indicates that after defendant was advised of her habitual offender rights, the following discussion took place:
THE COURT: Oh, okay. And you had left out the amount of the sentence. Is it 25 years that she’s agreeing to or y’all agreed to the 24.75?
THE STATE: 24.75, Your Honor.
LTHE COURT: Okay. And that you will be sentenced to incarceration for 24.75 years with the Department of Corrections, that this entire sentence is without benefits of probation, parole, or suspension of sentence. Have you been *1206 coerced or forced into entering this plea?
DEFENDANT: No, sir.
THE COURT: ■ Are you satisfied with the representation by your counsel?
DEFENDANT: Yes, sir.
THE COURT: I’m entirely satisfied that the defendant understands the consequences of her plea, she’s made a knowing, intelligent, free, and voluntary act of plead- • ing guilty, there’s a factual basis for the plea. I inform the defendant that she has 30 days from this date to appeal this conviction and two years after the judgment of conviction and sentence become final to seek post-conviction relief. Good luck. . ■ ,
(END OF PROCEEDINGS)
(Emphasis added.)
Thus, according to the transcript,' defendant was advised by the trial court of what her enhanced sentence would be; however, after accepting defendant’s stipulation to the habitual offender bill of information as knowing, intelligent, free, and voluntary, the trial court failed to actually sentence defendant to her enhanced, sentence of 24.75 years as a second felony offender on count, two.[9] Defendant’s appeal of her adjudication as a habitual offender under La. R.S. 15:529.1 is thus not properly before this Court at the present time.
Thus, in light these errors patent on the face of the record, we vacate the indeter-mínate sentences imposed by the trial court on counts three, four, five, and six, and remand the matter to the trial court for resentencing on counts three, four, five, and six, and for imposition of an enhanced sentence on count two under La. R.S. 15:529.1.[10]
|f|ANALYSIS OF CONVICTIONS AND SENTENCES ON COUNTS ONE AND TWO
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[11] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 886 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as counsel of record, for defendant.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw as counsel of record for defendant if he finds his case to be wholly frivolous after a conscientious examination of it.[12] The request must be accompanied by “‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed *1207 their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).
In Jyles, 704 So.2d at 241, the Louisiana Supreme Court • stated that an Anders brief need not tediously catalog every mer-itless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The court explained that an Anders brief must demonstrate by full |7discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to.withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
In the present case, defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Appellate counsel asserts that defendant entered an unqualified guilty plea to both the original charging document and to the habitual offender pleading, waiving all non-jurisdictional defects. He further notes that while defendant in her application for post-conviction relief contends that her pleas are constitutionally infirm due to errors in the prosecutor’s recitation of facts, defendant has waived her. right to seek review of this claim on appeal because she entered an unqualified guilty plea, and failed to object to the charged offenses listed by the- State during the -plea proceedings. Appellate counsel also maintains that although it appears defendant was erroneously advised as to the potential maximum sentence available on the habitual offender bill filed on count . two, there is no indication that this error violated due process, rendered her pleas involuntary, or was in.any way meaningful in the plea bargaining process. He also avers that although the 1 ^transcript does not indicate defendant’s original sentence on count two was vacated prior to imposing the enhanced sentence, the minute entry/commitment makes clear that the original sentence on count two was vacated, eliminating any confusion as to the terms of defendant’s confinement. Finally, appellate counsel asserts that there does not appear to be anything in the record to support a claim that defendant’s pleas were not knowing and intelligent. He concludes that defendant’s plea bargain áppears to have been advantageous to defendant and that the sentences were imposed in accordance with the plea agreement.
Appellate counsel has also filed a motion to withdraw as counsel of record for defendant which states that an appeal would be wholly frivolous for the reasons stated in the accompanying brief. He further submits that a copy of his motion to withdraw, accompanying Anders brief, and a Pro Se Briefing Notice have been mailed to defendant. Additionally, this Court sent defendant a letter by certified mail informing *1208 her that an Anders brief had been filed on her behalf and that she had until November 16,- 2016, to file a pro se supplemental brief. On November 7, 2016, this Court granted defendant’s motion for an extension of time within which to file a supplemental brief, ordering therein that defendant had until December 7, 2016 to file a pro se supplemental brief. After one additional extension, a final extension was granted ordering that defendant had until February 3, 2017 to file a pro se supplemental brief in this matter. On January 30, 2017, defendant filed a pro se supplemental brief in this matter raising two assignments of error.
The State responds that appellate counsel has shown a conscientious and thorough review of the procedural history of the case with references to the record. The State agrees that appellate counsel has “cast an advocate’s eye” over the record and has correctly determined there are no non-frivolous issues to raise on appeal. Accordingly, the State concludes that appellate counsel has conformed 19with and followed the procedures set forth in Anders and Jyles, supra, and should be granted permission to withdraw.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal as to counts one and two.
The bill of information properly charged •defendant and plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes.charged. See generally La. C.Cr.P. arts. 464-466.
As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against her. She attended her arraignment, her guilty plea proceeding, her sentencing, and her habitual offender bill proceeding. As such, defendant’s presence does not appear to present any issues that would support an appeal.
Further, defendant pled guilty as charged to armed robbery (count one) and attempted armed robbery (count two). If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 6 Cir. 3/14/06), 926 So.2d 662, 664, An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the habitual offender hearing. State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304. The record also indicates that defendant filed a pre-torial motion to sever offenses for trial, which was granted by the trial court. There were no other pre-trial motions filed, ruled upon, or preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976).
| ^Additionally, a review of the record reveal's no irregularities in defendant’s guilty pleas as to counts one and •two. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La. 1984).
The record shows that defendant was aware that she was pleading guilty to one *1209 count of armed robbery in violation of La. R.S. 14:64 (count one), and one count of attempted armed robbery in violation of La. R.S. 14:27 and 14:64 (count two). Defendant was also properly advised of her Boykin rights. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of her right to a judge or jury trial, her right to confrontation, and her privilege against self-incrimination. On the waiver of rights form, defendant made an affirmative notation next to these rights and placed her signature at the end of the form, indicating that she understood she was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that she understood that she was waiving these rights.
Defendant admitted that she committed the charged offenses. Defendant indicated that she understood the possible legal consequences of pleading guilty and confirmed that she had not been foreed, coerced, or intimidated into entering her guilty pleas. Defendant was also informed that her guilty pleas could be used to enhance a penalty for any future conviction. Further, defendant was informed during the colloquy and by means of the waiver of rights form of the sentencing Inranges for the offenses as well as the actual penalties that would be imposed upon acceptance of her guilty pleas. After his colloquy with defendant, the trial judge accepted defendant’s guilty pleas as knowingly, intelligently, freely, and voluntarily made.
Lastly, defendant’s sentences on counts one and two do not appear to present issues for appeal. Her sentence on count one falls within the sentencing ranges prescribed by statute. See La. R.S. 14:64.[13] Her sentence on count two falls within the sentencing ranges prescribed by statute. See La. R.S. 14:27[14] and 14:64. Further, defendant’s sentences on counts one and two were imposed pursuant to, and in conformity with the plea agreements. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of her sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La.App. 5 Cir, 4/11/07), 958 So.2d 36, 46; State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
For the foregoing reasons, defendant’s convictions and sentences on counts one and two are affirmed.
Further, because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we hereby grant appellate counsel’s motion to withdraw as counsel of record for defendant.
j j¿PRO SE ASSIGNMENT OF ERROR NUMBER ONE
In her first pro se assignment of error, defendant argues that her guilty *1210 pleas are constitutionally infirm having not been entered freely and voluntarily. She alleges two ■ grounds in support of her claim: 1) that the State and the trial court failed to articulate the essential elements of the charged offenses; and 2) that she was misinformed of , the mandatory minimum and maximum sentencing range as a second felony .offender on her conviction for attempted armed robbery (count two). Accordingly, defendant' avers that based on these deficiencies, she did not enter into her guilty pleas intelligently and knowingly-
To the extent defendant is arguing about an inadequate factual basis given for her guilty pleas as to counts one and two, it is well established that under both state and federal jurisprudence, an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review of such defects by appeal. State v. Johnson, 08-449 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19, writ denied, 09-0787 (La. 12/18/09), 23 So.3d 932. In the present case, defendant entered unqualified guilty pleas as to counts one and two, waiving all non-jurisdictional defects. Defendant neither objected to the factual basis for the charged offenses on counts one and two given by the State during the plea proceedings, nor to the trial court’s acceptance of it. Therefore, defendant waived her right to now seek review of this claim on appeal.
Moreover, the trial court was not required to ascertain a factual basis before accepting the guilty pleas as to counts one and two.[15] When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a -need for such an inquiry. Only in that-event does due process require a judicial-finding of significant factual basis for the defendant’s I isplea. State v. Smith, 09-769 (La.App. 5 Cir. 3/9/10), 38 So.3d 894, 896 n.1, writ denied, 10-843 (La. 11/5/10), 50 So.3d 812; State v. Yates, 41,247 (La.App. 2 Cir. 9/27/06), 940 So.2d 147, 150-151; State v. Brooks, 38,963 (La.App. 2 Cir. 9/22/04), 882 So.2d 724, 730, writ denied, 04-2634 (La. 2/18/05), 896 So.2d 30.
Here, defendant was represented by counsel, entered unqualified pleas of guilty as to counts one and two, and at no point in the proceedings did she proclaim her innocence. Defendant admitted that she committed the charged offenses as to counts one and two, and indicated that she understood the consequences of pleading guilty to counts one and two. Based on a review of the record, we .find that -the trial court was not required to ascertain a factual basis before accepting defendant’s guilty pleas to counts one and two. .
Moreover, to the extent defendant is also arguing that the trial court failed to personally inform her of the “essential elements” of the charged offenses as to counts one and two, her argument is misplaced. La. C.Cr.P. art. 556.1 outlines the duty of the court when accepting a plea of guilty in felony cases, providing, in pertinent part, the following:
A. In a felony ease, the court shall not accept a plea of guilty or nolo conten-dere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty pro *1211 vided by law, if any, and the maximum possible penalty provided -by law.
La. C.Cr.P. art. 556.1(A)(1). (Emphasis added.)
Further, in State v. Respert, 14-769 (La. App. 5 Cir. 2/25/15), 168 So.3d 839, 845, writ denied, 15-604, (La. 1/25/16), 184 So.3d 1288, this Court stated the following:
The test for the validity of a guilty plea does not depend on whether the trial court specifically informed the defendant of every element of the offense. Rather, .the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. Violations of Article 556.1 that do not rise to the level of 1 uBoykin violations are subject to harmless error analysis. To determine whether a violation of Article 556.1 is harmless, the proper inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty.
Respert, supra (citing State v. Wilson, 12-819 (La.App. 5 Cir. 5/16/13), 118 So.3d 1175, 1177).
Subsection E of La. C.Cr.P. art. 556.1 further provides that “[a]ny variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the- plea.” The failure to fully comply with Article 556.1 is a statutory breach, rather than a constitutional breach, and thus, the defendant is required to show prejudice as a result of the error. Respert, supra (citing Wilson, supra).
In the present case, defendant acknowledged that she understood the nature of the charges against her as to counts one and two. The State provided a detailed factual basis for the charged offenses as to counts one and two, and defendant admitted to having committed the offenses as to counts one and two as described by the State. Having found defendant to be aware of the nature, of the crimes as to counts one and two to which she. was pleading guilty, .the trial court found a factual basis for the pleas and accepted her pleas of guilty- to counts one and- two as knowing and intelligent. The transcript also reflects defendant never asked any questions regarding the nature of the charges as to counts one ánd two' during the plea colloquy or made any indication that she did not understand the nature of the charges or any of the elements.
Therefore, we find that defendant' has failed to establish that she'lacked awareness of the elements or' that this unawareness resulted in her miscomprehension of the éssential nature of the offenses as to counts one and two to which she pled. Further, we find that the record’ does not show sufficient prejudice to support defendant’s claim. See Respert, 168 So.3d at 846; Wilson, 118 15So.3d at 1179. Accordingly, defendant’s first argument in this assignment of error is without merit.
As noted above, in this assignment of error, defendant also argues that she was misinformed of the mandatory minimum and maximum sentencing range as a second felony offender on her conviction for attempted armed robbery (count two), and thus, based on this deficiency, she argues that she did not enter into her guilty pleas intelligently and knowingly. However, considering our finding in our error’s patent review regarding defendant’s enhanced sentence—that the trial court failed to actually impose an enhanced sentence on count, two—and the fact that the matter is being remanded for imposition of an enhanced sentence on count two under La. R;S. 15:529.1, we pretermit any review of defendant’s argument in this assignment of error regarding her enhanced sentence.
*1212 PRO SE ASSIGNMENT OF ERROR NUMBER TWO
In her final pro se assignment of error, defendant contends her counsel was ineffective based on the alleged errors raised in defendant’s first pro se assignment of error. Namely, defendant asserts that her counsel was ineffective for allowing her to plead guilty without the State or the judge having first explained the elements of the charged offenses, and for misinforming the court regarding the mandatory maximum sentence she would be exposed to as a second felony offender for her attempted armed robbery conviction.[16] Accordingly, she prays that this Court allow her to withdraw her guilty pleas, or order an evidentiary/contradictory hearing to allow for further development of her ineffective assistance of counsel claim.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant’s right to effective assistance | inof trial counsel. According to the United States Supreme Court’s opinion in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffective assistance claim must show: 1) that defense counsel’s performance was deficient; and 2) that the deficiency prejudiced the defendant. The defendant has the burden of showing that “there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, rather than by direct appeal. State v. Taylor, 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La. C.Cr.P. arts. 924-930.8. Taylor, supra.
Upon review, we find that the record in the instant matter contains sufficient evidence to rule on the merits of defendant’s claim, and thus, we will address it in the interest of judicial economy. Defendant’s contention that her trial counsel was ineffective for allowing her to plead guilty without the State or the judge having explained the elements of the charged offenses to her, as described above in defendant’s pro se assignment of error number one, lacks merit, and therefore did not prejudice defendant. Further, defendant’s plea and stipulation are supported by the record and appear to be an advantageous consequence of the plea-bargaining |17process. Accordingly, the record is devoid of any indication that defendant has been prejudiced by an inadequate advisal regarding the nature of the charges to which she pled guilty; thus, we find that defendant cannot meet the second prong of the Strickland test. State v. Ott, 12-111 (La.App. 5 Cir. 10/16/12), 102 So.3d 944, 954, writ denied, 15-0230 (La. 11/06/15), *1213 181 So.3d 697. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, defendant’s convictions and sentences on counts one and two are affirmed, and finding errors patent, the indeterminate sentences imposed by the trial court on counts three, four, five, and six are vacated, and the matter is remanded to the trial court for resentencing on counts three, four, five, and six, and for imposition of an enhanced sentence on count two under La. R.S. 15:529.1. We further grant appellate counsel’s motion to withdraw as counsel of record for defendant.
CONVICTIONS ÁND SENTENCES ON COUNTS ONE AND TWO AFFIRMED; SENTENCES ON COUNTS THREE, FOUR, FIVE, AND SIX VACATED; REMANDED FOR RESEN-TENCING ON COUNTS THREE, FOUR, FIVE, AND SIX AND FOR IMPOSITION OF ENHANCED SENTENCE ON COUNT TWO; MOTION TO WITHDRAW GRANTED

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. On thát same day, defendant pled guilty to two counts of misdemeanor theft. An appeal was lodged with respect to defendant’s misdemeanor convictions. On November 23, 2016, this Court converted defendant’s misdemean- or appeal into a writ application—designated as 16-KP-628—and consolidated defendant's writ application for docketing and opinion with the appeal of defendant’s felony convictions lodged in the instant matter, designated as docket number 16-KA-553. On January 3, 2017, this Court provided defendant with a final extension until February 3, 2017 to file a supplemental pro se appellate brief and a pro se application for supervisory review in the consolidated matters. To date, defendant has only filed a pro se supplemental appellate brief in the appeal for her felony convictions. Accordingly, defendant’s misdemeanor convictions'are not before us for review.

. Although the trial court did not say “at hard labor” when sentencing defendant, the court did state that defendant’s sentences were to be served "with the Department of Corrections.” This Court has previously held that when the trial judge states that the defendant is sentenced to the "Department of Corrections,” the sentence is necessarily at hard labor; therefore, no corrective action is necessary. See State v. Martin, 10-710 (La.App. 5 Cir. 5/24/11), 70 So.3d 41, writ denied, 11-1367 (La. 2/3/12), 79 So.3d 1023, cert. denied, 568 U.S. 839, 133 S.Ct. 142, 184 L.Ed.2d 69 (2012).

. See errors patent discussion, infra, concerning errors patent regarding defendant’s sentencing on counts three, four, five, and six.

. The trial court further recommended that defendant participate in any and all treatment programs available through the Department of Corrections.

. The habitual offender bill alleged that on January 15, 2010, defendant pled guilty in Division "F” of the Twenty-Fourth Judicial District Court, Parish of Jefferson, under case number 08-4156, to violating La. R.S, 14:67.10—theft of goods over three hundred dollars—and was sentenced on that same date to serve two years imprisonment at hard labor.

. See errors patent discussion, infra, concerning errors patent regarding defendant’s enhanced sentencing on count two.

. The transcript reflects the incorrect statute (La. R.S. 14:62) was referenced with respect to this count of forgery. It appears that the State either misspoke or there is a typographical error in the transcript. La. R.S. 14:62 relates to the crime of simple burglary and does not match the forgery description provided by the State in reference to the charged offense. Further, the correct statute—La. R.S. 14:72—is charged in the bill of information with respect to count three.

. Moreover, although the commitment reflects that an enhanced sentence was imposed, where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983).

. We note that prior to imposing an enhanced sentence on courit two under La. R.S. 15:529.1, the trial court will be required to vacate the underlying sentence on count two.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. At the time the offenses were committed, a conviction under La. R.S. 14:64 carried a term of imprisonment at hard labor for not less than ten nor more than ninety-nine years without the benefit of probation, parole, or suspension of sentence.

. La. R.S. 14:27 provides, in pertinent part: D. Whoever attempts to commit any crime shall be punished as follows:
[[Image here]]
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fíne, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.

. Notably, defendant did not enter her guilty pleas pursuant to North Carolina v. Alford, 400 U.S. 25, 30, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), which would have required a factual basis to support the pleas.

. As previously noted, considering our finding in our error's patent review regarding defendant's enhanced sentence—that the trial court failed to actually impose an enhanced sentence on count two—and the fact that the matter is being remanded for imposition of an enhanced sentence on count two under La. R.S. 15:529.1, we pretermit any review of defendant's argument in this assignment of error regarding her enhanced sentence.