LILJEBERG, J.
Defendant, Jamal C. Taylor, appeals his convictions and sentences for three counts of possession of a firearm by a convicted felon and one count of possession with intent to distribute cocaine. For the following reasons, we affirm defendant's convictions. In addition, we affirm defendant's sentence imposed with respect to his conviction for possession with intent to distribute cocaine. Because we find the district court imposed indeterminate sentences with respect to each of the three counts of possession of a firearm by a convicted felon, we vacate defendant's sentences for these counts and remand for resentencing in a manner consistent with this opinion. Further, we grant appellate counsel's motion to withdraw as counsel of record for defendant.
PROCEDURAL HISTORY
On May 10, 2012, a Jefferson Parish Grand Jury returned a multi-count indictment charging defendant with five counts of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (counts two, three, five, seven, and nine), *1284 one count of attempted second degree murder in violation of La. R.S. 14:27 and La. R.S. 14:30.1 (count four), one count of second degree murder in violation of La. R.S. 14:30.1 (count six), and one count of possession with intent to distribute cocaine in violation of La. R.S. 40:967(A) (count ten). Defendant pleaded not guilty at his arraignment on May 11, 2012.[1]
Defendant filed several motions during the pre-trial proceedings. On August 10, 2012, defendant filed omnibus motions to suppress his confession, identification and physical evidence. No hearing was conducted on these omnibus motions. On March 14, 2013, defendant filed motions to sever the trials of the defendants and the offenses filed against him, which the district court denied on May 28, 2013. On April 23, 2013, defendant filed a motion to quash the five counts of possession of a firearm by a convicted felon, arguing that La. R.S. 14:95.1 was unconstitutional. The district court granted the motion to quash and found these counts unconstitutional on May 28, 2013. The State filed an appeal to the Louisiana Supreme Court, which reversed the ruling granting the motion to quash in State v. Eberhardt , 13-2306, 14-209 (La. 7/1/14), 145 So.3d 377.[2]
On September 14, 2015, defendant filed a motion to recuse the prosecutor, which the district court denied on January 14, 2016. On February 23, 2017, the district court denied defendant's reurged motion to sever the defendants and offenses. On March 16, 2017, defendant filed a motion to declare La. C.Cr.P. art. 782(A) unconstitutional because it permits non-unanimous jury verdicts for felony charges, and a motion in limine to exclude autopsy photos. On March 17, 2017, the district court denied the motion contesting the constitutionality of La. C.Cr.P. art. 782(A), but granted in part the motion to exclude certain autopsy photos.
On March 20, 2017, the parties began jury selection. On the following day, defendant agreed to enter into a plea agreement. The State entered a nolle prosequi on the attempted second degree murder charge (count four) and second degree murder charge (count six), as well as two counts of possession of a firearm by a convicted felon (counts five and seven). Defendant withdrew his pleas of not guilty to the remaining counts, and after being advised of his Boykin[3] rights, entered pleas of guilty to three counts of possession of a firearm by a convicted felon (counts two, three, and nine) and one count of possession with intent to distribute cocaine (count ten), pursuant to North Carolina v. Alford[4] and State v.Crosby .[5] In accordance with the plea agreement, the district court sentenced defendant on counts two, three, and nine to 15 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.[6] As to count ten, the district *1285 court sentenced defendant to 20 years imprisonment at hard labor with the first two years to be served without the benefit of probation, parole, or suspension of sentence. The court further ordered the sentences to run concurrent with each other.
On the same date, the State filed a multiple offender bill of information on count ten, alleging defendant to be a second felony offender. Defendant stipulated to the multiple bill after being advised of his rights. The district court vacated defendant's original sentence on count ten, and pursuant to the multiple offender plea agreement, sentenced defendant as a second felony offender under La. R.S. 15:529.1, to 20 years imprisonment at hard labor, with the first two years to be served without benefits. The court further ordered defendant's enhanced sentence to run concurrent with the other sentences imposed in this case, and recommended defendant participate in any self-help programs available to him.
Following sentencing on March 21, 2017, defendant filed a motion for appeal which was granted by the district court on March 22, 2017. Defendant's appeal follows.
FACTS
Because defendant's convictions were the result of guilty pleas, the facts underlying the crimes of conviction are not fully developed in the record. Thus, the facts were gleaned from the factual basis provided by the State at the guilty plea proceeding. The State submitted that with regard to counts two, three, and nine, the evidence would have established that on June 21, 2011 (count two), August 2, 2011 (count three), and January 9, 2012 (count nine), defendant violated La. R.S. 14:95.1 by possessing firearms after he was previously convicted of the crime of possession of cocaine in Case No. 04-383 in the United States District Court Eastern District of Louisiana. With respect to count ten, the State alleged the evidence would establish that on January 9, 2012, defendant violated Louisiana R.S. 40:967(A) in that he knowingly possessed cocaine with the intent to distribute.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[7] appointed appellate counsel filed a brief asserting that counsel thoroughly reviewed the district court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241, appointed counsel requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if counsel finds the case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel *1286 should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles , 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
DISCUSSION
Defendant's appellate counsel asserts that after a detailed review of the record, counsel could find no non-frivolous issues to raise on appeal. Appellate counsel maintains that defendant's decision to change his plea from not guilty to guilty was fully informed as he was advised of the legal consequences of a guilty plea by both his counsel as well as the district court. Counsel avers that the district court informed defendant of the sentencing ranges for the offenses and the sentences the court would impose, including the enhanced sentence, upon the acceptance of defendant's guilty pleas. Accordingly, appellate counsel asserts that defendant is now restricted by law from appealing his sentences. Additionally, appellate counsel notes that while defendant entered his guilty pleas pursuant to State v. Crosby , supra , he did not specify which pre-trial rulings were being preserved for appeal. Thus, because the pre-trial motions filed by defendant do not substantially relate to his guilt, appellate counsel concludes no adverse rulings were preserved for review.
Appellate counsel filed a motion to withdraw as attorney of record indicating counsel notified defendant of the filing of the motion and advised him of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that his counsel filed an Anders brief and allowed him until September 17, 2017, to file a pro se supplemental brief. On September 12, 2017, this Court granted defendant's request to view the appellate record, as well as an extension until October 12, 2017, to file his brief. On October 10, 2017, defendant filed a pro se supplemental brief raising four assignments of error.
An independent review of the record supports appellate counsel's assertion that no non-frivolous issues for appeal exist. Our review, however, reveals errors patent that require correction.
The bill of indictment properly charged defendant and plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes charged. See generally La. C.Cr.P. arts. 464 - 466. As reflected by the minute entries and *1287 commitment, defendant appeared at each stage of the proceedings against him, including arraignment, guilty plea proceedings and sentencing.
If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter , 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Additionally, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. State v. Schaefer , 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
Defendant pleaded guilty pursuant to North Carolina v. Alford , supra and State v. Crosby , supra . The State provided a factual basis for defendant's guilty pleas as required under Alford . Moreover, while defendant also entered a Crosby plea, he failed to specify which pre-trial rulings he desired to reserve for appeal. A defendant's failure to specify which pre-trial ruling he desires to reserve for appeal as part of a guilty plea entered pursuant to Crosby may limit the scope of appellate review, but does not preclude review altogether. State v. Joseph , 03-315 (La. 5/16/03), 847 So.2d 1196.
Absent a detailed specification of which adverse pre-trial rulings the defendant reserved for appellate review as part of his guilty plea, an appellate court should presume that the Crosby reservation preserves review of those evidentiary rulings which "go to the heart of the prosecution's case," such as the denial of a motion to suppress, and not rulings that may affect the conduct of the trial but do not substantially relate to guilt, such as the denial of a continuance or severance. Joseph , 847 So.2d at 1196-1197. Here, the record indicates defendant filed standard omnibus pre-trial motions, including motions to suppress, which were not ruled upon prior to the time defendant entered his guilty pleas. When a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Thus, there were no rulings on defendant's motions to suppress to preserve for appeal under Crosby, supra.
Moreover, the additional motions filed by defendant, including a motion to recuse the prosecutor, motions to sever defendants and offenses, and a motion to declare La. C.Cr.P. art. 782(A) unconstitutional, which the district court denied, do not substantially relate to guilt and as such, these adverse rulings were not preserved for appellate review.[8] See Joseph , supra .
Next, a review of the record reveals no irregularities in defendant's guilty pleas that would render them invalid. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea *1288 bargain and that bargain is not kept. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
The record shows defendant was aware he was pleading guilty to three counts of possession of a firearm by a convicted felon and one count of possession with intent to distribute cocaine. Defendant was properly advised of his Boykin rights by the district court and via the waiver of rights form. During the colloquy, the district court advised defendant of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination. Defendant verbally indicated he understood that by pleading guilty he was waiving these rights and further placed his initials next to the rights he was waiving. His signature at the end of the waiver of rights form indicated he understood he was waiving these rights by pleading guilty.
The district court also informed defendant that his guilty pleas could be used to enhance a penalty for any future conviction. Defendant indicated he understood the possible legal consequences of pleading guilty and confirmed his guilty pleas were entered freely and voluntarily and that no promises or threats had been made to encourage him into entering his guilty pleas. He also stated he was satisfied with the handling of his case by his attorney. Defendant was informed during the colloquy, and by means of the waiver of rights form, of the sentencing ranges for the offenses as well as the sentences the district court would impose upon acceptance of defendant's guilty pleas. Defendant was further advised that the State would file a multiple offender bill of information against him as to count ten. Defendant indicated he had no questions for the court and again professed his desire to plead guilty. After the colloquy, the judge accepted defendant's guilty pleas as knowingly, intelligently, and voluntarily made.
A review of the record also reveals no constitutional infirmity in defendant's stipulation to the multiple bill. Our review of the multiple offender proceedings reveals the district court advised defendant of his multiple offender rights prior to stipulating to the multiple bill. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the state failed to produce sufficient proof at the multiple offender hearing. Schaefer , 704 So.2d at 304. La. R.S. 15:529.1(D)(1)(a) provides the court shall inform a defendant of the allegations contained in the bill of information and of his right to be tried as to the truth thereof according to law. Implicit in this directive is the additional requirement that the defendant be advised of his constitutional right to remain silent. State v. Jones , 09-788 (La. App. 5 Cir. 4/13/10), 35 So.3d 1162, 1167, writ denied , 10-1448 (La. 9/2/11), 68 So.3d 534.
The multiple offender waiver of constitutional rights form signed by defendant indicates he was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout the hearing. The district court also informed defendant of these rights at the hearing. Both during the multiple bill plea colloquy and on the form, defendant was also advised of the potential sentencing range of 15 years to 60 years as a second felony offender, and of his actual sentence of 20 years. Defendant also indicated he had not been forced or coerced into stipulating to the multiple bill. After conducting the plea colloquy, the district court accepted his stipulation to the multiple bill as knowingly, intelligently, freely, and voluntarily made by defendant. We find no error in this determination.
Lastly, defendant's sentence as to count ten does not appear to present issues for *1289 appeal.[9] His original and enhanced sentences on count ten fall within the sentencing ranges prescribed by La. R.S. 40:967(B)(4)(b) and La. R.S. 15:529.1(A)(1).[10] Further, defendant's original and enhanced sentences on count 10 were imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore , 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46. Likewise, this Court consistently recognizes that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Robinson , 15-661 (La. App. 5 Cir. 2/24/16), 186 So.3d 1269.
PRO SE ASSIGNMENTS OF ERROR ONE AND THREE
In his first pro se assignment of error, defendant argues that although the district court explained the rights he would be waiving by pleading guilty, it failed to explain that defendant was required to specify which pre-trial rulings he desired to preserve for appeal and that failure to do so would limit the scope of appellate review. He asserts that he pleaded guilty under Alford[11] with the understanding that his right to challenge all pre-trial rulings would be preserved for direct appeal.
In his third pro se assignment of error, defendant argues the district court erroneously denied his motion for severance of the offenses charged, based on the fact that counts four, six, and ten were not of the same or similar character as the other offenses and were not based upon the same act or transaction. He further asserts that the offenses were subject to different degrees of punishment, warranting their severance.
First, with respect to the first assignment of error, La. C.Cr.P. art. 556.1 does not require the district court to advise a defendant that all pre-trial rulings must be specified under Crosby , so as to preserve the rulings for appeal before accepting his guilty pleas.[12]
*1290 Furthermore, it is well-established that under both state and federal jurisprudence, an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto and precludes review of such defects by appeal. State v. Johnson , 08-449 (La. App. 5 Cir. 12/16/08), 3 So.3d 17, 19, writ denied , 09-0787 (La. 12/18/09), 23 So.3d 932. In the present case, defendant entered an unqualified guilty plea waiving all non-jurisdictional defects. The record reflects that defendant's guilty pleas were knowing, intelligent and entered into free of any coercion, inducement, or force, as fully set forth in the Anders discussion above.
Furthermore, while defendant failed to expressly reserve his right to appeal a specific adverse ruling in the case pursuant to Crosby , the failure to do so does not preclude review altogether. State v. Joseph , supra. In the Anders analysis above, this Court reviewed the pre-trial motions filed by defendant and denied by the district court, and determined that the motions filed by defendant, including his motion to sever offenses, did not substantially relate to his guilt. Thus, defendant waived his right to now seek review of the motion to sever offenses.[13]
Accordingly, these assignments of error are without merit.
PRO SE ASSIGNMENT OF ERROR TWO
In his one-sentence argument regarding his second pro se assignment of error, defendant asserts that his 20-year sentence under the Habitual Offender Law is unreasonably excessive because it makes no measurable contribution to acceptable goals of punishment, is no more than purposeful imposition of pain and suffering, and is grossly disproportionate to the severity of the crime. Defendant's original and enhanced sentences were imposed pursuant to, and in conformity with, the plea agreements. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. Moore , 958 So.2d at 46. We find this assignment of error is without merit.
PRO SE ASSIGNMENT OF ERROR FOUR
In his final pro se assignment of error, defendant alleges the trial court erroneously designated counts two, three, and nine (violations of La. R.S. 14:95.1 ), and count ten (a violation of La. R.S. 40:967(A) ), as crimes of violence. The transcript does not reflect that the district judge stated at sentencing that any of defendant's crimes would be designated crimes of violence. However, the commitment provides "this conviction is designated by the court as a crime of violence."
Generally, when there is a discrepancy between the commitment and the transcript, the transcript prevails. State v. Lynch , 441 So.2d 732, 734 (La. 1983). To ensure an accurate record, we remand the matter to the district court to correct the commitment and remove that statement indicating that defendant's conviction was designated as a crime of violence by the district court.
ERRORS PATENT DISCUSSION
The record was also reviewed for errors patent, according to La. C.Cr.P. art. 920 ;
*1291 State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990).
Initially, we noticed from the face of the record that it is unclear from the sentencing transcript whether defendant received separate, individual sentences on counts two, three, and nine, respectively. The trial court stated: "At this time the Court is going to sentence the defendant as follows: In Count 2, 3, 9 the charge of convicted felon in possession of a firearm the sentence is going to be 15 years at hard labor without the benefit of probation, parole or suspension of sentence." The commitment reflects that defendant received "15 years hard labor on counts 2, 3, 9 concurrently," and the Uniform Commitment Order ("UCO") reflects that defendant received 15 years on each of these counts. Furthermore, defendant's guilty plea form indicates he would receive a 15-year sentence on each count. Although it appears that the trial court and parties intended for defendant to receive 15 years on each count, the sentencing transcript is unclear and it is well-established that the transcript prevails. Lynch, supra.
La. C.Cr.P. art. 879 provides that if a defendant is sentenced to imprisonment, the court shall impose a determinate sentence. Therefore, defendant's three convictions for possession of a firearm by a convicted felon require the imposition of three separate sentences. See State v. Anderson , 16-537 (La. App. 5 Cir. 5/17/17), 222 So.3d 935 ; State v. Meadows , 16-553 (La. App. 5 Cir. 4/12/17), 219 So.3d 1200, 1205. Because it is not clear from the sentencing transcript as to whether the district court imposed separate sentences on counts two, three and nine, we find these sentences are indeterminate. Therefore, we vacate the sentences imposed by the trial court in counts two, three and nine and remand for resentencing. On remand, we instruct the district court to impose a separate, individual sentence for each count.
Furthermore, there are several discrepancies between the commitment, the UCO and the transcript:
1) While the commitment indicates defendant pleaded guilty under North Carolina v. Alford , it does not reference the fact that defendant also pleaded guilty under State v. Crosby .
2) The UCO only references one offense date, namely for count two which was committed on June 21, 2011, and fails to reference the offense dates for the remainder of the offenses for which defendant pleaded guilty-specifically, August 2, 2011, for count three, and January 9, 2012, for counts nine and ten.
3) The UCO provides that "defendant is given 20 Year(s) without benefit of parole, probation, or suspension of sentence." However, this is inaccurate. Defendant was given a 15-year sentence on counts two, three, and nine without benefit of parole, probation, or suspension of sentence, and a 20-year enhanced sentence on count ten with the first two years to be served without benefit of parole, probation, or suspension of sentence, and as statutorily mandated under La. R.S. 15:529.1, the remainder of the 20-year sentence is served without benefit of probation or suspension of sentence.
4) On the UCO and in two places on the commitment-once after the imposition of defendant's original sentences, and once after the imposition of his enhanced sentence on count ten-it provides that the "court ordered that the above sentence is to run concurrently with *1292 any/all sentence(s) that the Defendant is currently serving." However, the transcript provides that after defendant's original sentencing, the court ordered defendant's "sentences are to run concurrent with each other," and after imposition of his multiple offender sentence, the court ordered his enhanced sentence to "run concurrent with all sentences pursuant to Case No. 12-1225." Case No. 12-1225 is the district court case number for the convictions and sentences imposed in this case.
Where there is a conflict between the transcript and the minute entry, the transcript prevails. Lynch , 441 So.2d at 734. In light of the foregoing, we remand this matter for correction of the commitment and UCO, as identified above, to ensure accuracy of the record and direct the 24th Judicial District Court Clerk of Court to transmit the corrected UCO to the appropriate authorities, in accordance with La. C.Cr.P. art. 892(B)(2), and to the Department of Corrections' legal department. See State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
DECREE
For the foregoing reasons, this Court affirms defendant's convictions, as well as his sentence imposed with respect to count ten. We vacate the sentences imposed with respect to the counts two, three and nine as indeterminate and remand for resentencing in accordance with the instructions set forth above. We further remand this matter to correct the commitment to remove the statement indicating that defendant's conviction was designated as a crime of violence by the district court and for the correction of additional errors patent in the commitment and UCO noted above by this Court.
CONVICTIONS AFFIRMED; SENTENCE FOR COUNT TEN AFFIRMED; SENTENCES FOR COUNTS TWO, THREE AND NINE VACATED AND REMANDED FOR RESENTENCING; COMMITMENT REMANDED FOR CORRECTION OF COMMITMENT AND UCO; MOTION TO WITHDRAW GRANTED

In the same indictment, defendant was charged along with co-defendant Kelin Stevens. On July 12, 2012, the grand jury returned a superseding indictment adding co-defendant, Brandon Smith. The trial court did not arraign defendant on the superseding indictment. However, the failure to arraign a defendant is waived if the defendant enters a guilty plea without objection; the defendant is considered to have pleaded not guilty. See La. C.Cr.P. art. 555 ; State v. McGee , 09-102 (La. App. 5 Cir. 9/29/09), 24 So.3d 235, 241.

Defendant's case was consolidated with the Eberhardt case for review before the Louisiana Supreme Court as they presented the same issue regarding the constitutionality of La. R.S. 14:95.1.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

State v. Crosby , 338 So.2d 584 (La. 1976).

As discussed more fully below in the errors patent review, it is not clear whether the district court sentenced defendant to 15 years on each count or to a total of 15 years for the three counts.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177.

It is further noted that defendant filed a motion in limine to exclude autopsy photographs, which the district court granted in part in defendant's favor. Furthermore, the district court's ruling, which granted defendant's motion to quash the counts for violation of La. R.S. 14:95.1 as unconstitutional, was reversed by the Louisiana Supreme Court in Eberhardt, supra.

As discussed below, an error patent exist with respect to defendant's sentences for counts two, three and nine.

At the time defendant committed the offense, a conviction under La. R.S. 40:967(A) carried a term of imprisonment at hard labor "for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence."
Also, the term of imprisonment for a second felony offender "shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction." See La. R.S. 15:529.1(A)(1). Thus, as a second felony offender, defendant was subject to a sentencing range of 15 to 60 years imprisonment.

Defendant erroneously references Alford , supra, which requires the court to ascertain a factual basis for the pleas, rather than Crosby , supra, which requires a defendant to specify the pre-trial rulings he is preserving for appeal.

La. C.Cr.P. art. 556.1(A) provides that when accepting a guilty plea, the district court must inform the defendant regarding:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.

We further note that the trial court agreed to dismiss counts four and six, two of the three counts which defendant claims were not related to the other charged offenses.